## JAMES vs. KISER & COMPANY.

1. Upon the call of a claim case in which the levy showed the defendant in *fi. fa.* to have been in possession, if the claimant failed to assume the burden of proof and proceed, and the court directed the plaintiff to assume the affirmative, the latter was entitled to open and conclude.
2. The court need not repeat a charge already given, on request.
3. The evidence required the verdict.

Practice in the Superior Court. Charge of Court. New trial. Before Judge CRISP. Early Superior Court. October Adjourned Term, 1879.

Reported in the decision.

E. C. BOWER, for plaintiff in error.

R. H. POWELL, for defendants.

JACKSON, Chief Justice.

This was a levy at the instance of M. C. & J. F. Kiser on a tract of land as the property of James & Brother, which land was claimed by the surviving partner of that firm as a homestead set apart to him as such survivor by the district court of the United States for the southern district of Georgia. The land was found subject, and, a new trial being ·denied the claimant, he brought the case here.

1. But two points were made before us and argued by counsel for plaintiff in error: First, that the court erred in not giving him the conclusion, as the levy showed that defendants in *fi. fa.* were in possession at its date; but the claimant, it appears from the record, did not take the burden of proof when required to do so, and the court then directed the plaintiff to proceed, and the burden was cast on him by the laches of the claimant.

On this state of facts, there was no error in giving the

plaintiff the right to conclude. It was too late for the claimant to demand that right, when he had failed to assume the burden of proof. Whether really at fault or not, in not going on with his proof when required to do so, we cannot consider, as the facts do not appear of record. By the record it only appears that he did not proceed when directed by the court, and thereupon the plaintiff was directed to assume the affirmative and take the *onus* of making out his case, which he did, and thereby was entitled to open and conclude the argument.

2. The second ground insisted on is that the court declined to tell the jury the form of verdict if they should find for the claimant, at the oral request of counsel at the time the judge gave them the form if they found for the plaintiffs. It appears from the record that the court had already given that form to the jury, and it was not its duty to repeat it.

3. Besides, the verdict is right; the evidence required it; and even if there had been such irregularities as the two errors assigned and argued here would amount to, the new trial would have been properly refused.

Judgment affirmed.