FEBRUARY TERM, 1885.          547

Chapman, next friend, vs. The Atlanta and West Point Railroad.

CHAPMAN, next friend, vs. THE ATLANTA AND WEST POINT
RAILROAD.

> Where an action was brought against a railroad company, alleging
> that an infant had been seriously injured through the negligence
> of the defendant's servants in not locking or securing a turn-table,
> a plea which admitted that the child was injured by a turn-table
> belonging to and used by defendant at the time and place alleged
> in the declaration, but denied that the defendant was at fault or
> negligent, was not a plea of justification. To constitute a plea of
> justification, the facts alleged must be such as are not admissible
> under the plea of the general issue.
> (a.) The right to open and conclude to the jury is an important right,
> and an improper denial of it will work a reversal.
>      March 10, 1885.

Pleadings. Justification. Practice in Superior Court.
Torts. Before Judge HARRIS. Campbell Superior Court.
August Term, 1884.

Reported in the decision.

THOS. W. LATHAM, for plaintiff in error.

BIGBY & DORSEY; P. H. BREWSTER; ROAN & ROSSER;
REED & REED, for defendant.

BLANDFORD, Justice.

This was an action by plaintiff in error against defendant
in error to recover damages caused by the negligence of
defendant's servants in not locking or securing a turn-table,
whereby the infant son of plaintiff was seriously injured.
The defendant filed a plea as follows, viz.

"And now comes the defendant and admits that plaintiff was hurt
by a turn-table belonging to and used by defendant at the time and
place alleged and set forth in plaintiff's declaration, and that defend-
ant was not at fault or negligent, and therefore, plaintiff is not en-
titled to recover."

This plea the defendant called a plea of justification.
The court held that it was, and, over the plaintiff's objec-

tion, allowed the defendant to open and conclude the case to the jury. This is the only error in the record which we will notice.

The plea set out is not a plea of justification, if any such plea could be filed in a case like this. To constitute a plea of justification, the facts alleged must be such as are not admissible under a plea of the general issue. See *Barnes vs. Augusta Factory*, 72 *Ga.*, 217. The plea denies any negligence on the part of defendant. The plea does not relieve the plaintiff of any burden whatever, except as to the injury. We have already decided that the right to open and conclude to the jury is an important right, a denial of which unlawfully will work a reversal. *Phelps vs. Thurman*, decided at this term.

Judgment reversed.