## DOYLE *vs.* DONOVAN.

1. The burden of proof is upon the plaintiff in *fi. fa.* at the opening of a claim case, and where this burden continued, and the claimant did nothing, either by admissions or otherwise, to relieve the plaintiff of the burden, the plaintiff should have been allowed to open and conclude the argument before the jury.

2. Whether a claimant of property had notice of an unrecorded mort-

gage or not, is a question of fact, and the evidence being sufficient to warrant the finding, this court will not interfere.

(a.) There is no error in the several rulings of the court complained of.

January 26, 1886.

Burden of proof. Practice in Superior Court. Notice. Claim. Before Judge CARSWELL. Jefferson Superior Court. May Term, 1885.

A mortgage *fi. fa.* in favor of William Donovan against J. F. Toole was levied on certain land, to which Sarah A. Doyle interposed a claim. The entry of levy stated that notice had bcen given to S. A. Doyle, the tenant in possession. On the trial of the claim case, the plaintiff opened the case and introduced the mortgage *fi. fa.* and the mortgage, together with a deed conveying the land to the defendant prior to the mortgage; also testimony to show that the mortgagor was in possession at the date of the execution of the mortgage, January 4, 1881. The mortgage was not recorded, and the plaintiff introduced several witnesses, who testified that the claimant had made statements to the effect that she held by purchase under the defendant in *fi. fa.* after the mortgage was made; that she knew of the mortgage, and it was taken into consideration in fixing the price of the property.

The claimant introduced a deed from the mortgagor to one B. R. Doyle, dated February 2, 1881, and a deed from B. R. Doyle to the claimant, dated February 5, 1881. She denied notice of the mortgage.

The court held that the plaintiff in *fi. fa.* was entitled to the opening and conclusion of the argument. The jury found the property subject. The claimant moved for a new trial, which was refused, and she excepted.

F. H. SAFFOLD, for plaintiff in error.

CAIN & POLHILL, for defendant.

---
Lary *vs.* Lewis.
---

BLANDFORD, Justice.

The only question of law in this case is, whether the claimant was entitled to open and conclude to the jury.

1. The burden was upon the plaintiff in execution at the opening of the case, and continued at the conclusion; the claimant did nothing, either by admissions or otherwise, to relieve plaintiff of these burdens; hence we think upon every principle of law and logic, that the plaintiff should have been allowed to open and conclude to the jury, and that it is unfortunate for the practice in claim cases that the claimant should be allowed to open and conclude in any case, as the burden is on the plaintiff to show the property levied on subject to the *fi. fa.* throughout the case. We have alluded to this matter before, and the legislature should intervene.

2. The main question in the case is as to whether the claimant had notice of the mortgage of the plaintiff in *fi. fa.* foreclosed in this case, and which had not been recorded. This is a question of fact alone, and the evidence of the witnesses introduced by the plaintiff was abundantly sufficient to establish such notice, notwithstanding claimant testified to the contrary.

There is no error in the several rulings of the court complained of.

Judgment affirmed.