## ABEL *v.* JARRATT & COMPANY *et al.*

1. In order to entitle the defendant in a civil action, arising ex contractu, to the opening and conclusion of the argument by virtue of an admission that the plaintiff has a prima facie right to recover, the defendant must, before the introduction of any evidence, admit facts authorizing, without further proof, a verdict in the plaintiff's favor for the amount claimed in the declaration. It is too late after the plaintiff has made out a prima facie case for the defendant to make any admission which will deprive the plaintiff of the right to open and conclude.

2. While agency may be proved by the testimony of the alleged agent as a witness, it cannot be proved by his mere declarations, either spoken or written. Such declarations ought not in any event to be received in evidence, unless the party tendering the same offers in good faith to supplement them by other and independent evidence of agency; and if such offer is not made good, the declarations ought to be excluded from consideration by the jury. The safer and better practice, in all cases, is to require proof of the agency before admitting such declarations at all.

3. The action being upon a promissory note against a principal

and a surety, and the defense of the former being that the time of payment had, for a valuable consideration, been extended. to a date beyond that upon which the declaration was filed, for which reason the action was prematurely brought, and the defense of the latter being that, because of such extension, she was discharged, there was no error in charging the jury, in substance, that both defenses depended upon the establishment of the same fact, viz: that the extension had been granted as. stated.

4. There was no error in such case in charging the jury that a. finding for the defendants would not result in finally discharging the principal from liability, since sustaining his plea in. abatement could not relieve him from ultimately paying the debt.

5. The defendants' contention being that the alleged extension. had been granted, not by the plaintiff in person, but by her agent, and there being no proof showing any agency for this: purpose or that the alleged agent had the slightest authority to grant any extension at all, the verdict for the defendants. was totally unsupported and palpably wrong.

Argued February 27,—Decided March 29, 1897.

Complaint on note.   Before Judge Ross.   City court of Macon.   June term, 1896.

Suit was brought, July 12, 1895, upon a promissory note dated December 12, 1894, due six months after date, for $1,000, with a credit of $300 dated June 15, 1895. The note is payable to Rebecca G. Abel, and is signed by R. P. Jarratt & Co., and by Mrs. J. A. Christian.   Jarratt: & Co. pleaded, that on or about the 18th of June, 1895, plaintiff, by her authorized agent, F. T. Abel, agreed in writing to extend the time of the maturity of the note till December 15, 1895, in consideration that the rate of interest should be increased from six per cent. (as expressed in the note) to eight per cent.   Further, that the sum of $340 has been paid on the note, and the balance to fall due on December 15, 1895, is $700, with interest at eight per cent. from June 15, 1895.   Mrs. Christian pleaded, that she was a surety on the note, having no interest in the consideration; all of which plaintiff knew; and that the agreement for ex-

tension of time made a novation and increased her risk, whereby she was discharged from all liability. Under the evidence and charge of the court, the jury found for the defendants on their respective pleas. Plaintiff's motion for a new trial was overruled, and she excepted. The motion alleges that the verdict is contrary to law and evidence, and sets forth the following additional grounds:

1. Error in refusing to allow plaintiff to open and conclude the argument before the jury, and in allowing defendant's counsel to open and conclude over plaintiff's objection. Defendants had not claimed such a right until after the evidence was concluded.

2-5. Error in admitting in evidence the written statement of F. T. Abel, that he had power of attorney to extend the note of Jarratt & Co., plaintiff objecting to the power of attorney as irrelevant, as an agent cannot bind a principal by his statement that he is such agent. The court ruled: "It cannot be admissible for that purpose, but it is admissible for the purpose of showing their transactions, showing whether in point of fact there was any effort to extend. I will admit it for that purpose only. I will specially instruct the jury that that declaration does not show he was in point of fact her agent, but merely to show he endeavored to extend it. They must show otherwise that he was her agent; it don't help to show that he was her agent." Also, error in admitting in evidence, over plaintiff's objection, the statements of F. T. Abel, made at the time of the alleged extension of the note; and the testimony of R. P. Jarratt and T. O. Christian, detailing statements made by F. T. Abel; and the testimony of Jarratt and others, as to the consideration of the note.

6. The court charged: "There are two contentions which the court will relieve you of any trouble about: One is, that the suit is for more than the plaintiff is entitled to recover in any event, if you should decide the case in the plaintiff's favor. The court tells you, under the uncontradicted evi-

dence, the recovery can only be had for $700, with six per cent. interest per annum from June 15, 1895. That is the largest recovery that can be had in any event." This charge is assigned as error, because it contained an expression of opinion by the court as to what had been proved, when the facts in evidence were conflicting.

7. The court charged: "Another contention which you are relieved from deciding is, that Mrs. Julia A. Christian is a surety on this note. The uncontradicted evidence is that she is not bound as principal to the payee of the note, but was merely a surety on the note, and known to be such by the payee." Error, for the same reason as stated in the sixth ground.

8. The court charged: "So the issues resolve themselves to whether or not Mrs. Abel for a valuable consideration agreed with Jarratt & Co., the defendants, that the payment should be postponed six months from the original maturity of the note. As you resolve that issue your verdict will be either for the defendant or for the plaintiff." Error, because such was not the only issue made under the pleadings and evidence.

9. Error in charging, that if an agreement to extend the note sued on was made by the payee by herself or her duly authorized agent, for a valuable consideration, without the consent or knowledge of the surety, the defendants were entitled to a verdict, Jarratt & Co. on their plea in abatement, and Mrs. Christian on her plea in bar; and in failing to charge, either in that connection or elsewhere, that if said parties either contemporaneously or subsequently had abrogated or rescinded such agreement of extension, defendants would not be entitled to a verdict; and in not recognizing the issue which should have been submitted for plaintiff's benefit, that such agreement of extension was immediately abrogated by mutual consent, although no such question was raised nor such contention insisted on.

10. The court charged: "If you find for the defendants,

you will say, 'We, the jury, find for the defendants R. P. Jarratt & Co., on their plea in abatement, and for the defendant Mrs. Julia A. Christian on her plea in bar'; which will show that you do not adjudicate finally as to R. P. Jarratt & Co. that they are not liable for this money; for if you find for them under the evidence here, they will not be relieved ultimately of paying the debt." Error, in suggesting to the jury that Jarratt & Co. were solvent and responsible financially for the payment of the note, and that the release of the surety would not injure the payee.

11. Verdict contrary to the following charge: "The existence and non-existence of agency cannot be proved by the declaration of the reputed agent. Other facts and other evidence must be submitted to the jury, to establish or disprove the question of agency, than the declaration of the reputed agent." Plaintiff contends that there was no sufficient evidence, outside of the declaration of the agent, to establish such agency.

The court certifies that the only contention on the trial on the part of plaintiff was, that no contract to extend the payment of the note was ever entered into; and that there was no contention that the effect of such contract was abrogated by the rescission of it.

*Dessau, Bartlett & Ellis*, for plaintiff.
*L. D. Moore*, for defendants.

FISH, Justice.

Abel brought suit against defendants upon a promissory note. Upon the trial there was a verdict for defendants. Motion for a new trial was made and overruled, and plaintiff excepted. The facts and grounds of the motion passed on appear in the official report.

1. In order to entitle the defendant in a civil action, arising ex contractu, to the opening and conclusion of the argument before the jury, by virtue of an admission that the plaintiff has a prima facie right to recover, the defendant.

must, before the introduction of any evidence, admit facts authorizing, without further proof, a verdict in the plaintiff's favor for the amount claimed in the declaration. It is too late after the plaintiff has made out a prima facie case for the defendant to make any admission which will deprive the plaintiff of the right to open and conclude. The general rule is that the order of argument follows the burden of proof; and whoever opens the case with the evidence, if he has a right so to open, has the same right in the argument. *McKibbon* v. *Folds*, 38 *Ga.* 235. The ruling in *McCalla* v. *American Freehold Co.*, 90 *Ga.* 113, relied upon by counsel for defendants in error, is not in conflict with the foregoing. There it was held that, when the court by mistake, and before any evidence was submitted, ruled that the burden of proof was on the claimant instead of upon the plaintiff in execution, the mistake might be corrected on its discovery, even after all the evidence had been introduced, and that it was not error then to hold that the burden of proof rested on the plaintiff, and, for that reason, to allow him to open and conclude the argument. In that case the court, before any evidence was introduced, made an erroneous ruling, in deciding that the claimant had the right to open and conclude, and afterwards, when all the evidence was in, undertook to correct its error. In the case at bar no claim was made by the defendants, before the evidence was concluded, for the opening and conclusion, and the plaintiff was compelled to undertake the burden of making out her case. After the plaintiff had carried the burden and all the evidence had been submitted, it was too late for the defendants to then contend for the right to open and conclude, and the court erred in granting it to them.

2. While agency may be proved by the testimony of the alleged agent as a witness, it cannot be proved by his mere declarations either spoken or written. Such declarations ought not in any event to be received in evidence, unless the

party tendering the same offers in good faith to supplement them by other and independent evidence of agency; and if such offer is not made good, the declarations ought to be excluded from consideration by the jury. The safer and better practice, in all cases, is to require proof of the agency before admitting such declarations at all. The written statement of F. T. Abel to the effect that he had "the power of attorney" to execute the note given by the defendants should not have been admitted in evidence over the objection of the plaintiff, that "an agent cannot bind a principal by his statement that he is such agent," defendants' counsel not then stating that he expected to prove the agency by independent evidence; and after it was admitted, when it appeared that there was no evidence proving that F. T. Abel had authority from plaintiff to extend the maturity of the note, such statement ought to have been excluded from the jury's consideration. As before stated, the better practice would have been to have kept it from the jury until evidence of his authority to grant the extension had first been introduced.

3. The action being upon a promissory note, against Jarratt & Co. and Mrs. Christian, and the defense of the former, who were principals, being that the time of payment had, for a valuable consideration, been extended to a date beyond that upon which the declaration was filed, for which reason the action was prematurely brought, and the defense of the latter being that she was a surety merely, and that because of such extension she was discharged, there was no error in charging the jury, in substance, that both defenses depended upon the establishment of the same fact, viz: that the extension had been granted as stated.

4. There was no error, in such case, in charging the jury that a finding for Jarratt & Co. would not result in ultimately relieving them from the payment of the debt, since sustaining their plea of abatement could not finally discharge them from liability. And we do not think the charge justly

:subject to the criticism that, it "suggested to the jury that Jarratt & Co. were solvent and responsible financially for the payment of the note, and that the release of the surety would not injure the payee."

5. The defendants' contention, under the evidence being that the alleged extension had been granted, not by the plaintiff in person, but by her agent F. T. Abel, and there being no proof showing any agency for this purpose, or that the alleged agent had the slightest authority to grant any extension at all, the verdict for the defendants was totally unsupported by the evidence and palpably wrong.

*Judgment reversed. All the Justices concurring.*