## COOK *v.* COFFEY.

The evidence though conflicting authorized the verdict, and none of the errors assigned are sufficient to require the granting of a new trial.

Argued December 15, 16, 1897. — Decided January 22, 1898.

Affidavit of illegality. Before Judge Candler. Rockdale superior court. October term, 1896.

Cook bought from Coffey a mule, and gave him a mortgage upon it as security for the payment of a promissory note to Coffey for $65, part of the purchase-price, besides interest, and ten per cent. attorney's fees in case of collection by suit. To an execution issued upon the foreclosure of the mortgage Cook filed an affidavit of illegality, setting up that at the time of the trade the mule was warranted by the plaintiff to be sound, but that it was worthless, having then a disease from which it died ; and the consideration of the note therefore failed. Further, that the horse which plaintiff had received from defendant as a part of the consideration for the trade was worth $40 or $50 ; and defendant prayed judgment for the value of the horse. There was a verdict for plaintiff for the amount of the note, with attorney's fees as stipulated therein. Defendant moved for a new trial, which was denied, and he excepted. The grounds

of the motion were: (1) The court erred in holding that the plaintiff in fi. fa. was entitled to assume the affirmative and to open and conclude the case, and in refusing to allow defendant to do so; counsel for defendant proposing, when the case was called for trial, to assume the affirmative, and claiming the right to do so because defendant, by his affidavit of illegality, had admitted that he had given the note which was the foundation of the mortgage fi. fa., that it was for the mule which the plaintiff in execution stated at the time was "sound and all right," and that defendant affirmed that the mule was diseased at the time of the trade, that the disease was at that time unknown to him, that the mule died from the disease in fourteen days from that time, and that he was was seeking to recoup from the plaintiff the value of the horse which the plaintiff received from him. (The court corrects this ground as follows: Defendant's counsel proposed to assume the burden after the jury was stricken, and after the plaintiff had opened his case and offered in evidence his mortgage note, execution and levy. The affidavit of illegality being only a plea of failure of consideration and setting up an express warranty by plaintiff, the court ruled that plaintiff was entitled to open and conclude the argument.) (2) The court erred in refusing to allow counsel for defendant to read in evidence sections of "pages 116, 117, 118 and 119 of U. S. Department of Agriculture on special diseases of horses, setting forth the symptoms of lung fever." (3) The court erred in refusing to allow counsel for defendant to use sections of "pages 116, 117, 118 and 119 of U. S. Department of Agriculture on special diseases of horses," to show, in his argument to the jury, that the symptoms in the standard works for the diseases of horses in lung fever conformed to the facts as detailed in reference to the disease of this mule by defendant, as a witness. (4) The court erred in charging: "You and I are not here to make contracts. We have nothing to do with the hardships of the one side or the other in this case. It is your duty, under the facts, to find the truth, and mine to construe the contract." The said contract of sale being in writing, construction of it was not necessary. (5) Verdict contrary to law and evidence. (The evidence was conflicting as to the condi-

tion of the mule at the time of the sale, and as to whether there was a warranty.)

*G. W. & J. S. Gleaton* and *A. C. McCalla*, for plaintiff in error.
*R. W. Milner* and *J. R. Irwin*, contra.

COBB, J.   There was no error in ruling that the plaintiff was entitled to the opening and conclusion in the case.   If in a case like the present one the defendant could assume the burden and take the opening and conclusion, it is necessary that he should do so before the plaintiff offers any evidence.   It appears from the certificate of the trial judge, attached to the motion for a new trial, that the defendant did not offer to assume the affirmative in the case until after the plaintiff had made out a prima facie case.   This being true, it was proper to hold that the right to open and conclude was in the plaintiff.   See *Abel* v. *Jarratt*, 100 *Ga.* 732.

Complaint is made that the court erred in refusing to admit in evidence extracts from a book purporting to contain the opinion of experts on special diseases of horses.   There was no error in this ruling.   *Johnson* v. *R. & D. Railroad Co.*, 95 *Ga.* 685.

Another ground of the motion for a new trial assigns as error the refusal of the court to allow counsel for defendant to use in his argument to the jury certain sections on certain pages of " U. S. Department of Agriculture," to show that the symptoms in the standard works for the diseases in lung fever conformed to the facts of the present case.   It is impossible to ascertain from this assignment what book, paper, or document is referred to ; and therefore we can not tell whether or not its contents were proper matter for argument before the jury.   This ground, therefore, presents no assignment with which we can deal.

The evidence on the two controlling issues in the case was directly conflicting ; the charge excepted to was not erroneous for any reason assigned ; and there was no error in refusing to grant a new trial.

*Judgment affirmed.   All the Justices concurring.*