## CENTRAL OF GEORGIA RAILWAY CO. *v.* MORGAN.

1. In order to entitle a defendant to open and conclude the argument, he must in his answer admit enough to make out a prima facie case for the plaintiff, and such admission must be made, and the right to open and conclude asserted, before the plaintiff submits any evidence in the case.

(*a*) Upon a review of the ruling announced in the first headnote to the case of *Abel* v. *Jarratt*, 100 *Ga.* 732, the same is affirmed.

(b) The rule laid down in the decisions of this court in the cases of
*Ransone* v. *Christian*, 56 *Ga.* 351, headnote 2, and *Ocean Steamship
Co.* v. *Williams*, 69 *Ga.* 251, headnote 2 and subdivision (*a*) thereun-
der, was repealed by the provisions of the act approved December 24,
1888, (Acts of 1888, p. 35), which now appear in the Civil Code,
§3891.  The manifest policy indicated in that act is to deny to the
defendant in any case the right to open and conclude, unless he re-
lieves the plaintiff of the burden of making out a prima facie case.

2. There was sufficient evidence to warrant the verdict.

Argued February 15, — Decided March 2, 1900.

Action for damages.   Before Judge Norwood.   City court
of Savannah.   July 18, 1899.

*Lawton & Cunningham* and *T. M. Cunningham Jr.*, for
plaintiff in error.   *Edward S. Elliott*, contra.

Lewis, J.   Florine E. Morgan brought suit in the city court
of Savannah against the Central of Georgia Railway Company,
for $175.00 damages, resulting from the killing of a registered
Guernsey cow by the running of defendant's train.   To this pe-
tition the company filed an answer, in which it admitted simply
that it was a corporation under the laws of Georgia, having its
principal office in the county of Chatham.   It denied each and
every allegation of all the other paragraphs of the petition.
Upon the issue thus formed a jury was empaneled, and, after
the conclusion of the evidence upon both sides, the defendant
amended its plea, admitting that plaintiff was the owner of the
cow, and that the cow was of the value stated in the declaration,
and was killed by defendant's train on the day and time stated.
In the amendment it further contended that by these admissions
it assumed the whole burden of proof, and claimed the open-
ing and concluding argument.   The judge below refused to al-
low defendant's counsel to conclude the argument.   The jury
returned a verdict for the amount sued for, $175.00; whereupon
defendant made a motion for a new trial, and excepts to the
judgment of the court overruling the same.

1. The ground mainly relied on by plaintiff in error in its
motion for a new trial is alleged error in the court in refusing to
permit it to have the opening and concluding argument to the
jury, having, after the conclusion of the evidence and before the
argument, amended its answer as above specified.   In a number

of cases it has been decided by this court that to entitle a defendant to the opening and conclusion of the argument in a civil case, by virtue of an admission that the plaintiff has a prima facie right to recover, he must, before the introduction of any evidence, admit facts authorizing, without further proof, a verdict in plaintiff's favor for the amount claimed by him; and that it is too late, after the plaintiff has made out a prima facie case, for the defendant to make any admission which will deprive the plaintiff of the right to open and conclude. *Abel* v. *Jarratt,* 100 *Ga.* 732; *Massengale* v. *Pounds,* 100 *Ga.* 770; *Cook* v. *Coffey* 103 *Ga.* 384; *Dorough* v. *Johnson,* 108 *Ga.* 812. It is conceded by counsel for plaintiff in error that these decisions cover this case, but it is claimed that they are in conflict with previous adjudications of this court, to wit, *Ransone* v. *Christian,* 56 *Ga.* 351 (2), and *Ocean Steamship Co.* v. *Williams,* 69 *Ga.* 251 (2); and that, this court never having reviewed those earlier cases, they settle the law of this case. Counsel for plaintiff in error further ask a review of the ruling announced in *Abel* v. *Jarratt,* and cases above cited following that decision.

Even if the later decisions of this court announce a principle directly in conflict with the rulings in the cases relied on by plaintiff in error, there is sufficient reason for such change of the former rule; for the statute upon which the rulings in the 56th and 69th *Ga.* are predicated, it seems, first became a law upon the adoption of the Code of 1863, and will be found in section 2983 thereof. It declares: "In every case of tort, if the defendant was authorized by law to do the act complained of, he may plead the same as a justification; by such plea he admits the act to be done, and shall be entitled to all the privileges of one holding the affirmative of the issue." The identical section is embodied in all the subsequent codes, except that of 1895. See Code 1882, §3051. By virtue of the act of December 24, 1888 (Acts 1888, p. 35), that provision in the statute was amended by adding the following words: "But such plea shall not give to the defendant the right to open and conclude the argument before the jury, unless it is filed and insisted upon before the plaintiff submits any evidence to the jury trying the case." The law as amended is now embodied in the present

Civil Code, § 3891. Manifestly, then, the cases relied on, being based upon the law as it was before the amendment of 1888, do not necessarily decide the question under the law as it now exists. The statute, as it originally existed, provided that if a plea of justification in an action of tort was filed, the defendant had the right to open and conclude, but nowhere specified when, during the progress of the trial, the defendant should have the right to file such a plea. It was, therefore, held in the cases decided that, the defendant having a right to amend at any stage of the trial, the fact that it was not filed until plaintiff had made out his case and closed his evidence did not take away from the defendant the right to open and conclude. Besides this, there is some distinction between the facts in the case at bar and the decisions referred to in 56th and 59th *Ga.* In the first place, in those cases it appeared that the defendants amended their pleas of justification after the evidence of the plaintiff simply had closed; while in the case before us the plea was not offered until the evidence on both sides had closed, the defendant thus taking the opportunity to see if it could overcome the facts, the truth of which it finally agreed to admit. Again, there is another distinction between the cases. In the present instance, the amendment offered is not strictly a plea of justification. Pleas of justification usually refer to such torts as malicious prosecution, assault and battery, libel, slander, and the like, and in them the defendant admits committing the acts complained of, and claims justification for his conduct. In this sort of a tort, however, of injuring property by the running of a railroad-train, we do not well see how there can be any plea of justification, for all the evidence under the plea as amended could have been admitted under a plea of the general issue. See *Chapman* v. *Railroad,* 74 *Ga.* 547, where it was decided: "To constitute a plea of justification, the facts alleged must be such as are not admissible under the plea of the general issue." *Georgia R. R.* v. *Williams,* 74 *Ga.* 723 (2), where it was held: "A plea which admitted that the plaintiff was injured by the train of the defendant, but denied that it was guilty of negligence, and asserted that it used all ordinary care and reasonable diligence, and that the negligence of the plaintiff caused the injury, was not a plea

of justification which entitled the defendant to open and conclude the argument." *Central R. R.* v. *Crosby, 74 Ga.* 738, (3a). A plea of justification is an admission by a defendant that he purposely committed the acts complained of, and upon which the action was founded, and sets up facts or reasons for justifying such acts. The railway company in this case could, of course, not set up such justification; for under no circumstances could it wilfully and purposely kill stock upon its track. The right to open and conclude, therefore, in a case of this sort is founded upon the principle that the defendant has assumed the affirmative of the issue; and it is really upon the same principle on which the statute with reference to pleas of justification is founded; for that statute declares that one filing a plea of justification is entitled to all the privileges of one holding the affirmative of the issue. We think, therefore, the manifest policy indicated in the act of 1888, amending the original statute on this subject, is to deny to the defendant in any case the right to open and conclude, unless he relieves the plaintiff of the burden of making out a prima facie case.

As a general rule in the trial of civil actions, whether arising ex contractu or ex delicto, the burden of proof is upon the plaintiff, and hence follows his right to open and conclude; but who holds the affirmative of an issue in any action that is tried must be determined by the issue as made by the pleadings. In this case manifestly the burden was on the plaintiff as the pleadings originally stood. A prima facie case was made out against the defendant. The defendant, after trying to overcome the prima facie case by its evidence, and failing to disprove the facts upon which plaintiff's cause rested, then claimed the right to open and conclude by admitting the truth of facts which it had already placed the burden upon the plaintiff of establishing. We think that this was not only manifestly unjust to the plaintiff, but to have denied her the conclusion of the argument would have been depriving her of her legal rights. In *McKibbon* v. *Folds, 38 Ga.* 235, this question was practically decided in accordance with the views herein entertained. It was there decided: "When in an issue on the return of commissioners to lay off dower the applicant opened the case by proof to sustain the re-

turn, and the contestant replied with proof attacking it, it is too late for the contestant to claim that he has a right to open and conclude the argument before the jury." That was a decision made prior to the cases in 56th and 69th *Ga.*, and there never has been any adjudication of this court undertaking to overrule that principle. On pp. 238-9 McCay, J., delivering the opinion, recognizes the confusion that exists, in cases like that before the court, as to who has the right to open and conclude. He says: "The current of our decisions is, that it belongs to the party moving, instituting the proceedings, and having power to control them." And further on, in the course of his opinion, he adds: "It was too late, at any rate, after the plaintiff had gone on, and a reply had taken place, to make the question. Whoever opens the case with the evidence, if he has a right so to open, has the same right in the argument." The principle announced in that case is directly applicable to the facts in this, and, independently of our late decisions on the subject, we think it is controlling. The decision in the case of *Abel* v. *Jarratt*, 100 *Ga.* 732 (first headnote), and the other decisions of this court following that ruling, are therefore affirmed.

2. The only remaining ground in the motion for a new trial is that the verdict is contrary to law and evidence. There was a conflict in the testimony. That in behalf of the plaintiff below was amply sufficient to sustain the finding of the jury, and we will, therefore, not interfere with the discretion of the trial judge in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concurring.*