## TAYLOR *v.* BROWN & COMPANY.

1. Where an execution was levied on property as that of a husband, and a claim thereto was interposed by his wife, who asserted title under a deed which was not shown to have been made after the creation of the debt, but which was not recorded until after the judgment was rendered and shortly before the levy, and there was evidence tending to show that the husband returned the property for taxation after the date of the alleged deed to his wife, and, with her knowledge, used the land as a means of securing a loan made to him, and that she asserted no claim of ownership; and where the husband, as a witness on her behalf, denied that he represented that the property belonged to him when he signed the note on which the judgment was based, there was no error in allowing one of the plaintiffs to testify that he inquired of the defendant in execution as to his property, and was informed by the latter that he owned the lot subsequently levied on, and that the plaintiffs extended credit on the faith of such representation.

2. Nor was there error in allowing such witness to testify that he sold a horse to another person, and that the defendant against whom the execution was proceeding signed the note along with the purchaser, and thus obtained credit to be extended. Such evidence was not objectionable on the ground that it tended to show that the defendant against whom the execution was proceeding was a surety, after judgment had been rendered against him as a principal.

3. Where, in a claim case, the claimant, before the introduction of evidence commenced, did not admit possession in the defendant in execution, or in any manner claim the right to assume the burden of proof and to open and conclude the argument, but permitted the plaintiffs in execution to assume the burden of proof and to open and conclude the introduction of evidence (each side introducing evidence), it was too late, after the evidence had closed and before the argument began, to

assert for the first time the right to the opening and conclusion, on the ground that the entry of levy (which the plaintiffs in execution had introduced in evidence) recited that the property was levied on "as the property of, and in possession of, the defendant."

4. The evidence was sufficient to sustain the verdict, and there was no error in overruling the motion for a new trial.

APRIL 18, 1913.

Claim. Before Judge Thomas. Tift superior court. August 14, 1912.

On March 23, 1909, an execution was issued in favor of J. B. Brown & Co. *v.* C. L. Taylor, J. W. Taylor, and J. H. Taylor. It recited that it was based on a judgment rendered on March 13, 1909. On February 14, 1912, it was levied on a lot of land "as the property of, and in possession of, the defendant, J. W. Taylor." A claim was interposed by Mrs. S. A. Taylor, the wife of J. W. Taylor. On the trial the plaintiffs introduced in evidence the execution, with the entry of levy thereon, and rested. The claimant introduced a deed from the defendant in fi. fa. to the claimant, dated November 3, 1905, and recorded January 19, 1912. The claimant thereupon rested. The plaintiffs then introduced evidence tending to show, that the land was conveyed to the defendant in fi. fa. on March 10, 1905; that he had returned it for taxation; that he had obtained a loan from the bank, and had executed a deed to the land to secure the loan, after the date of the deed from him to his wife; that neither the defendant in fi. fa. nor the claimant ever told the official of the bank who acted for it that the property was hers, or that she had any claim to it; that one of the plaintiffs sold a horse to one Charlie Taylor, and J. W. Taylor signed the note with him; that the plaintiff knew that Charlie Taylor had no property, and questioned J. W. Taylor about his responsibility, and the latter stated that he owned the property now involved in the claim case; and that on the faith of this statement credit was extended to Charlie Taylor.

The claimant introduced evidence tending to prove, that she had bought another lot of land and paid for it with her own money, that she exchanged that lot with her husband for the one now involved in controversy; that she authorized him to obtain a loan from the mortgage company, expecting to receive a part of it, but she did not do so; that she did not tell him to secure a loan on the property in his own name, or authorize him to represent to the company that it was his property, but did authorize

him to obtain the loan, though he did not have any deed except the one which he had before he exchanged lots with her; that her husband told her that they had to pay a debt' which they owed, and that he wanted to get money and pay such debt with a part of what he expected to receive, and she agreed thereto. The defendant in fi. fa., as a witness for the claimant, denied making any representations as to the ownership of the property at the time he signed the note on which the judgment was based, but admitted that he knew he could not pay for the horse if Charlie Taylor, the purchaser of it, failed to do so.

In rebuttal the plaintiffs in fi. fa. introduced evidence tending to show that the lot which the claimant contended she exchanged with her husband for that involved in this case had been bought by the husband from another person, and paid for by him; and that when the last payment was made they did not have witnesses present to attest the deed, and the defendant in fi. fa. suggested that it be made to his wife, and he could act as a witness, which was done.

The jury found the property subject. The claimant moved for a new trial. It was refused, and she excepted.

*J. S. Ridgdill, C. C. Hall, J. H. Price,* and *R. Eve,* for plaintiff in error. *R. D. Smith,* contra.

LUMPKIN, J. (After stating the foregoing facts.) Creditors of a husband sought to collect his debt by levying on certain land. The wife of the defendant in execution claimed the land under a deed from her husband, which bore date in 1905, but was not recorded until January 19, 1912, after the judgment against her husband and just before the levy. She claimed to have acquired this property by virtue of having conveyed to her husband another lot in exchange for it; but there was evidence tending to show that her husband paid for the other lot, that he used the land levied on as a security in borrowing money, with the knowledge of his wife, after she claimed to own it, and that the deed to her was withheld from record.

1. Evidence was admissible to show that the creditors extended credit on the faith of the representation of the husband that he owned the lot. This could not be introduced as proving an admission on the part of the wife, she being absent, and it not appearing that she knew of it. But it was admissible to show that

the credit was extended on the faith of the property, while the husband was allowed to deal with it as the apparent owner, and also to contradict his evidence, in which he denied that he made any such representation. In a contest between creditors and a husband, who owes the debt, and his wife, who claims to own the property, but puts no deed on record and allows him to deal with the property as if it were his own, it is competent, on an issue of fraud, to show that the creditor had no notice of any claim to the property on the part of the wife, but extended credit on the representation that it belonged to the husband.

2. There was no error in allowing one of the plaintiffs to testify that he sold a horse to another person, and that such person and the defendant in execution signed the note given for the purchase-money. This was not objectionable on the ground that it tended to prove that the defendant in execution was a surety, after the rendition of judgment against him as a principal. It was not offered for the purpose of changing the liability of the defendant in execution under the judgment, but as tending to throw light on the question of fraud or no fraud in the alleged transfer of his property to his wife.

3. Complaint is made that the court did not allow counsel for the claimant to open and conclude the argument, upon motion therefor made "before the beginning of the argument." Whether or not counsel for the claimant would have been entitled to assume the burden of proof and accordingly to have opened and concluded the argument, had he sought to do so at the outset of the trial, need not be decided. He did not admit possession in the defendant in execution, or assume the burden of proof. The entry of levy contained the words: "said property levied on as the property of, and in possession of, the defendant, J. W. Taylor." But the claimant did not at the outset raise any contention that a prima facie case existed in favor of the plaintiffs. On the contrary the plaintiffs in execution apparently assumed the burden of proof, and introduced in evidence the execution and the entry of levy. The claimant then introduced the deed from her husband, and the plaintiffs in execution attacked that deed. They opened and concluded the introduction of evidence. They bore the brunt of the fight in making out a prima facie case and rebutting the evidence introduced by the claimant. It was too late after this for the

claimant's counsel for the first time to set up a right to open and conclude the argument. Except in cases where the defendant introduces no evidence, the general rule is that the burden of proof carries with it the right to open and conclude the argument. If a party might, before evidence is introduced, place himself in a position to carry the burden and receive the corresponding benefit, he can not let his adversary carry the burden of proof, and, when both sides have closed their evidence, claim the benefit of opening and concluding the argument. *Abel* v. *Jarratt & Co.*, 100 *Ga.* 732 (28 S. E. 453) ; *Cook* v. *Coffey,* 103 *Ga.* 384, 386 (30 S. E. 27) ; *Central Ry. Co.* v. *Morgan,* 110 *Ga.* 168 (35 S. E. 345)..

4. The evidence was sufficient to support the verdict, and there was no error in refusing to grant a new trial.

*Judgment affirmed. All the Justices concur.*