## TAYLOR v. BANK OF TIFTON.

HILL, J. This is a companion case to that of *Taylor* v. *Brown & Co.*, 139 Ga. 797 (77 S. E. 1062), in which the facts and assignments of error are the same; and the rulings made in that case are controlling in this.

*Judgment affirmed. All the Justices concur.*

MAY 15, 1913.

Claim. Before Judge Thomas. Tift superior court. April 14, 1912.

. *J. S. Ridgdill, C. C. Hall, J. H. Price,* and *R. Eve,* for plaintiff in error. *R. D. Smith,* contra.

---

## COOPER v. BOWEN.

EVANS, P. J. 1. A plaintiff, alleging herself to be the surviving partner of a partnership, brought a suit in trover to recover property as belonging to the firm. Subsequently the same plaintiff filed a suit in equity against the same defendant to recover other property of the partnership, praying for an accounting, a receiver, and a merger of the trover suit in the equitable action. *Held,* that it was not error to consolidate the former suit with the equitable action.

2. A verdict rendered in the equity suit in favor of the plaintiff for "$750 with interest" is not void. There being no specific allegations in the pleadings for the recovery of any particular sum with interest from a particular time, which would serve to impress the verdict as having relation to fixing interest on the amount recovered from a particular date, the verdict will be construed as a recovery of interest from the date of the verdict.

3. A defendant can not complain that the plaintiff's verdict is for a less amount than that authorized by the evidence.

4. The verdict is supported by the evidence.

5. Assignments of error upon the rulings on demurrer and the allowance of an amendment were not discussed in the brief, and will be treated as abandoned.     *Judgment affirmed. All the Justices concur.*

MAY 15, 1913.

Equitable petition, etc. Before Judge Martin. Dodge superior court. July 30, 1912.

*W. M. Clements* and *W. L. & Warren Grice,* for plaintiff in error. *W. M. Morrison* and *Eschol Graham,* contra.