CHANDLER *v.* COLLINS *et al.*

Upon the call of a claim case in which the entry of levy showed the defendant in fi. fa. to have been in possession, and the claimant failed to assume the burden of proof and to proceed, but without objection permitted the plaintiff in execution to assume the burden of proof and to open and conclude the introduction of evidence (each side introducing evidence), it was erroneous, after the evidence had closed and before the argument began, to allow the claimant to open and conclude the argument to the jury.

No. 1217. APRIL 17, 1919.

Claim. Before Judge Cobb. Jackson superior court. September 28, 1918.

*Ray & Ray* and *F. C. Shackelford,* for plaintiff.

*W. W. Stark,* contra.

GEORGE, J.  An execution in favor of C. C. Chandler against
Jane Smith was levied upon land to which Sallie Collins inter-
posed her claim.  The sheriff's entry of levy, after describing the
land, recites:  "Defendant in possession of said property at the
time of levy; defendant given written notice as required by law."
On the trial of the issue, and without objection so far as the
record discloses, the plaintiff tendered in evidence the fi. fa. with
the sheriff's entry of levy thereon, and other evidence, both oral
and documentary, tending to show that the defendant in fi. fa.
was the owner of the land levied on, at the date of the judgment
and at the date of the levy.  Deeds were introduced as follows:
from Mrs. Addie E. Johnson to the defendant in fi. fa.; from
defendant in fi. fa. to plaintiff in fi. fa.; and from plaintiff in fi. fa.
to defendant in fi. fa. for the purpose of levy and sale; each of
said deeds describing the land levied on.  The claimant then
introduced evidence tending to show that the deed from defendant
in fi. fa. to plaintiff in fi. fa. was either a forgery or was obtained
by fraud, and that prior to the judgment upon which execution
issued Jane Smith sold and conveyed the land to the claimant, the
claimant's deed being properly recorded.  At the conclusion of
the evidence for the claimant, evidence in rebuttal was offered
and admitted on behalf of the plaintiff.  The jury returned a
verdict finding the property not subject.  The plaintiff's motion
for a new trial was overruled, and he excepted.

The general grounds of the motion are abandoned.  The sole
assignment of error insisted upon is that the court erred in
allowing the claimant to open and conclude the argument to the
jury.  The stage of the trial at which the court so ruled is not
made clearly to appear.  However, the amended motion for new
trial, approved as true by the trial judge, recites:  "The claimant
did nothing in this case, by admitting, or in any other way, to
change the burden of the proof from the plaintiff in fi. fa., the
plaintiff being compelled to prove his entire case."  In his order
overruling the motion for new trial the learned judge stated:
"It having appeared that the defendant in execution was in
possession of the property, the right to open and conclude the
argument was afforded to the claimant."  From the statement of
facts it will be seen that the entry of the sheriff affirmatively-
showed that the defendant in fi. fa. was "in possession of said

5

property at the time of the levy," but it also appears from the record that the plaintiff in fi. fa. in fact assumed the burden of proof and offered evidence for that purpose without objection. We must conclude, therefore, that the claimant did not, at the outset of the trial, raise any contention that a prima facie case existed in favor of the plaintiff, but on the contrary acquiesced in the election of the plaintiff to assume the burden of proof. Although the plaintiff in fi. fa. might have relied upon the recital contained in the sheriff's entry to establish in his behalf a prima facie case, he was not obliged to do so. It is also conceivable that the claimant did not care to assume the burden of proof, although she may have been legally compellable to do so. At any rate, concluding, as we do, that no offer at the outset of the trial was made by the claimant to take the burden, and the claimant having introduced evidence in her behalf, she was not entitled to open and conclude the argument to the jury. The case falls squarely under the ruling in *Taylor* v. *Brown,* 139 *Ga.* 797 (3), 800 (77 S. E. 1062), which is as follows: "Where, in a claim case, the claimant, before the introduction of evidence commenced, did not admit possession in the defendant in execution, or in any manner claim the right to assume the burden of proof and to open and conclude the argument, but permitted the plaintiffs in execution to assume the burden of proof and to open and conclude the introduction of evidence (each side introducting evidence), it was too late, after the evidence had closed and before the argument began, to assert for the first time the right to the opening and conclusion, on the ground that the entry of levy (which the plaintiffs in execution had introduced in evidence) recited that the property was levied on 'as the property of, and in possession of, the defendant.'" See also *Doyle* v. *Donovan,* 76 *Ga.* 44; *James* v. *Kiser,* 65 *Ga.* 515.

The evidence in this case was in sharp conflict, and did not demand a verdict for the claimant. It requires, therefore, no argument to demonstrate that the right to open and conclude to the jury was in this case an important right; and under the ruling announced in *Chapman* v. *A. & W. P. R. Co.,* 74 *Ga.* 547, "an improper denial of it will work a reversal."

*Judgment reversed. All the Justices concur.*