### 10365. HALL *et al. v.* McLENDON *et al.*

JENKINS, P. J. J. W. and C. I. Hall obtained an execution in the superior court of Emanuel county against S. J. McLendon, which was levied upon a stock of goods in the city of Nashville, Ga., the entry of levy as made by the sheriff stating that "I have this day levied the within fi. fa. upon the following property [describing it], levied on as the property of S. J. McLendon, and in his possession." Nancy S. McLendon, wife of the defendant in fi. fa., interposed her claim to the goods levied upon, and on the trial of the issue thus formed the plaintiffs proceeded by introducing their execution with entry of levy thereon, and, after the introduction of evidence by both the plaintiffs and the claimant, the jury returned a verdict in favor of the claimant. *Held:*

1. The court did not err in charging the jury "If you find it was her [claimant's] property, even though the property had been handled by him [the defendant in fi. fa.], if he has been controlling the property, but as a matter of fact it was her property, acquired by her or inherited by her, then I charge you that if she at some particular time may have permitted him to control or handle the property, that would not destroy her right to the property." See *Keller* v. *Mayer*, 55 *Ga.* 406; *Wells* v. *Smith*, 54 *Ga.* 262.

2. While it is true that in a claim case, if it appears that the defendant in fi. fa. was in possession of the property levied upon at the time of the levy, the burden of proof is upon the claimant, and he has the right to open and conclude the case (*Bartlett* v. *Russell*, 41 *Ga.* 196; *Powell* v. *Westmoreland*, 60 *Ga.* 572; *Bank* v. *Harper*, 114 *Ga.* 603, 40 S. E. 717), still, even though the entry of levy shows the defendant in fi. fa. to have been in possession, if the claimant upon the call of the case fails to assume the burden of proof and proceed, and the plaintiff assumes the affirmative, the plaintiff is entitled to open and conclude (*James* v. *Kiser*, 65 *Ga.* 515; *Doyle* v. *Donovan*, 76 *Ga.* 44); for, as was said in *Taylor* v. *Brown*, 139 *Ga.* 797 (3), 800 (77 S. E. 1062): "Where, in a claim case, the claimant, before the introduction of evidence commenced, did not admit possession in the defendant in execution, or in any manner claim the right to assume the burden of proof and to open and conclude the introduction of evidence (each side introducing evidence), it was too late, after the evidence had closed and before the argument began, to assert for the first time the right to the opening and conclusion, on the ground that the entry of levy (which the plaintiff in execution had introduced in evidence) recited that the property was levied on 'as the property of, and in possession of, the defendant.' " See also *Southern Ry. Co.* v. *Gresham*, 114 *Ga.* 183 (39 S. E. 883); *Northington* v. *Granade*, 118 *Ga.* 584 (2), 586

(45 S. E. 447); *Taylor* v. *Bank of Tifton,* 140 *Ga.* 45 (78 S. E. 335); *Baird* v. *Hill,* 141 *Ga.* 15 (80 S. E. 281); *Morris* v. *Reed,* 14 *Ga. App.* 729 (4), 732 (82 S. E. 314); *Wisenbaker* v. *West Yellow Pine Co.,* 16 *Ga. App.* 699 (5) (86 S. E. 46).

ı *a*) Under the facts of this case the court erred in permitting the claimant to open and conclude the argument, and while this right is generally an important and valuable one (*Widincamp* v. *Widincamp,* 135 *Ga.* 644, 70 S. E. 566), yet where, as in this case, the verdict as rendered was demanded by the evidence, an erroneous ruling with reference to the right to open and conclude the argument can not in any event be reversible error.  *Moore* v. *Brown,* 81 *Ga.* 10 (3*a*), 13 (6 S. E. 833); *Madison Supply & Hardware Co.* v. *Richardson,* 8 *Ga. App.* 344 (5) (69 S. E. 45); *Bank of Omega* v. *Youmans,* 21 *Ga. App.* 284 (94 S. E. 279).

Judgment affirmed.  Stephens and Smith, JJ., concur.

DECIDED OCTOBER 20, 1919.

Levy and claim; from city court of Nashville—Judge Lovett. December 31, 1919.

*R. A. Hendricks,* for plaintiffs.  *J. A. Alexander,* contra.