## JARRARD *v.* MOBLEY, superintendent of banks.

848

No. 7442.  July 21, 1930.

*T. F. Underwood* and *Cooley & Cooley,* for plaintiff in error.

*A. H. Henderson* and *Wheeler & Kenyon,* contra.

RUSSELL, C. J.   (After stating the foregoing facts.)

■ Each of the three general grounds in the motion for new trial (1) that the verdict is contrary to the evidence, (2) that it is contrary to law, and (3) that it is contrary to the principles of justice and equity, was argued at unusual length by the very learned counsel for plaintiff in error; but after a very careful consideration of the evidence we are compelled to hold that the evidence is sufficient to authorize the verdict.   It is true· that a debtor may bona fide prefer one creditor to another, and this right appertains as much to a husband in favor of his wife's rights as to any other creditor.   *Krueger* v. *MacDougald,* 148 *Ga.* 429 (96 S. E. 867). It does not matter even if a debtor, in preferring one creditor to another, entertains the purpose of hindering and delaying other creditors, if that purpose is unknown to the grantee of the deed. · This has been repeatedly held by this court; but the record in this case shows that the debt due by the defendant in fi.· fa. to his wife was not secured by deed at the time the debt was created; that the deed was executed two weeks after the bank closed; that the claimant knew of the closing of the bank, and knew that her husband was liable to be assessed and a fi. fa. issued against him.   She was aware of the large indebtedness on the part of her husband to the bank; and there are other circumstances in the evidence which would authorize the jury to find that if she did not have actual knowledge of her husband's purpose to hinder, delay, and defraud creditors, she had reasonable grounds to suspect it.   "In considering transactions between husband and wife, slight circumstances, under certain conditions, may be sufficient to satisfy a jury of the existence of fraud; but in all such cases the bona fides of the transaction is to be determined by the jury.   In the present case it can not be said that the evidence demanded a finding other than that returned by the jury."   *Brooks* v. *Griffin,* 10 *Ga. App.* 497 (73 S. E. 752).   In *Dixie Mfg. Co.* v. *Ricks,* 153 *Ga.* 364 (112 S. E. 370), this court approved a charge that even though there was a bona fide indebtedness due by the mortgagor to the mortgagee, if the mortgage was made with intent to hinder, delay, and defraud creditors of the mortgagor, the mortgage would be void.

■ Ground 4 of the motion for new trial complains of the ad-

mission of testimony of the sheriff as to who was in possession at the time of levy. The entry of levy was silent on this question. Unless the claimant had admitted a prima facie case in behalf of plaintiff in fi. fa., or admitted that defendant in fi. fa. was in possession, it became the duty of the plaintiff in fi. fa. to prove, as a circumstance establishing the ownership of defendant in fi. fa., that he was in possession, or, in a case of husband and wife, that he and his wife both lived upon the property in dispute, from which circumstance the law presumes possession and ownership to be in the husband. The assignment of error depends upon the objection made at the time, that "the sheriff's entry of levy did not show who was in possession." This objection was an insufficient substitute for assuming the burden of proof, and was in fact no valid objection at all.

■ It is very earnestly insisted that the court erred in refusing to allow plaintiff in error the opening and concluding arguments; and she relies upon the ruling of this court in *Lamkin* v. *Clary*, 103 *Ga.* 631 (supra). No rule is more fixed than that the right of opening and concluding the argument is vital, and that the improper refusal thereof entitles the litigant to a reversal of the judgment. Yet, as far back as the decision written by Chief Justice Jackson in the case of *James* v. *Kiser*, 65 *Ga.* 515, it was held that the opening and conclusion will not be awarded the claimant in a claim case if he sits silently by and compels the plaintiff in fi. fa. to prove his case, and delays until all the necessary evidence has been submitted by both parties to ask for the opening and concluding arguments. In *Taylor* v. *Brown*, 139 *Ga.* 797 (77 S. E. 1062), where the facts were very similar to those of this case, it was ruled: "Where, in a claim case, the claimant, before the introduction of evidence commenced, did not admit possession in the defendant in execution, or in any manner claim the right to assume the burden of proof and to open and conclude the argument, but permitted the plaintiffs in execution to assume the burden of proof and to open and conclude the introduction of evidence (each side introducing evidence), it was too late, after the evidence had closed and before the argument began, to assert for the first time the right to the opening and conclusion, on the ground that the entry of levy (which the plaintiffs in execution had introduced in evidence) recited that the property was levied on 'as the property of, and in possession of, the

defendant.'" In the opinion, Mr. Justice Lumpkin said: "Complaint is made that the court did not allow counsel for the claimant to open and conclude the argument, upon motion therefor made 'before the beginning of the argument.' Whether or not counsel for the claimant would have been entitled to assume the burden of proof and accordingly to have opened and concluded the argument, had he sought to do so at the outset of the trial, need not be decided. He did not admit possession in the defendant in execution, or assume the burden of proof." What has just been quoted is aptly applicable to the case at bar. The case of *Lamkin* v. *Clary*, supra, upon which the plaintiff in error relies, is easily distinguished from the case at bar, in the fact that there was a controversy as to who was entitled to the opening and conclusion before the introduction of evidence in that case. In the present case, as in the *Taylor* case, "the plaintiff in execution apparently assumed the burden of proof, and introduced in evidence the execution and the entry of levy. The claimant then introduced the deed from her husband, and the plaintiffs in execution attacked that deed. They opened and concluded the introduction of evidence. They bore the brunt of the fight in making out a prima facie case and rebutting the evidence introduced by the claimant. It was too late after this for the claimant's counsel for the first time to set up a right to open and conclude the argument. Except in cases where the defendant introduces no evidence, the general rule is that the burden of proof carries with it the right to open and conclude the argument. If a party might, before evidence is introduced, place himself in a position to carry the burden and receive the corresponding benefit, he can not let his adversary carry the burden of proof, and, when both sides have closed their evidence, claim the benefit of opening and concluding the argument. *Abel* v. *Jarratt & Co.*, 100 *Ga.* 732 (28 S. E. 453) ; *Cook* v. *Coffey*, 103 *Ga.* 384, 386 (30 S. E. 27) ; *Central Ry. Co.* v. *Morgan*, 110 *Ga.* 168 (35 S. E. 345)." See also *Drake* v. *Ward-Truitt Co.*, 151 *Ga.* 155 (106 S. E. 95).

Learned counsel for plaintiff in error contends that she was entitled to the opening and concluding arguments, upon two grounds, (1) that the entry of levy failed to state who was in possession, and (2) that "plaintiff in fi. fa., relying on possession to make out a prima facie case and on introduction of the warranty deed regular on its face, executed and recorded before the execution was issued

and placed on record, made a simple plain case as to whether or not the property was subject, and without more at this stage movant was entitled to a verdict. After the introduction of the deed, counsel for plaintiff in fi. fa. sought to set the deed aside on the grounds that it had been made and executed for the purpose of hindering, delaying, and defrauding creditors, and the purpose was known to movant at the time and before the execution of the deed, or that movant had reasonable grounds to suspect that the grantor of the deed was making the same for the purpose of hindering, delaying, and defrauding creditors. On this amendment being allowed, the law cast the burden on the husband and wife to show that the transaction was bona fide and in good faith, predicated on a valuable consideration. Movant had carried the burden, under the rulings of the court as to possession, by the introduction of her deed. When the amendment was allowed attacking the deed, the cause of action was changed from a simple claim case to one of setting aside a deed, and was one wherein the burden of sustaining the deed was wholly placed on the grantee or movant and not on the plaintiff in fi. fa., and movant was entitled under the law to the opening and concluding argument." We think both of the grounds are sufficiently answered by the decision cited, to the effect that the request for the opening and conclusion came too late. So far as the second ground is concerned, we fail to see why there was such a change in the nature of the case as would shift the burden from where ordinarily placed in a case involving deeds between a husband and wife. However, in the amendment of the plaintiff in fi. fa. to his levy, there is no prayer that the deed from the husband to the wife be canceled; and however cogent the argument of counsel might have been before the question as to the time the demand for the right to open and conclude must be made was decided by this court, since the decisions herein cited the suggestion that the nature of the case was changed is helpless and impotent, because at least fifty years too late.

*Judgment affirmed. All the Justices concur, except Atkinson and Hill, JJ., who dissent.*