### 23825. PEACOCK v. BOYD et al.

MOBLEY, Justice. Appellant, J. L. Peacock, brought a petition against George Nichols, Lossie L. Boyd, Mrs. Beatrice Fort and the Farmers & Merchants Bank alleging the following material facts: That Mrs. Fort is owner of described land against which Lossie L. Boyd holds a deed to secure debt, and that George Nichols and the Farmers & Merchants Bank both hold executions of record against Beatrice Fort; that Boyd caused the property to be advertised for sale under power contained in the deed to secure debt, and the property was bid in by appellant at the sale for $3,500 and that he thereafter found the executions against the land of record, and he unconditionally tenders the sum of $3,500 but demands that he be given marketable fee simple title to the land; that the bank is advertising the property for sale under its execution and Boyd is readvertising it for sale under his deed to secure debt. He prayed that Boyd and the bank be enjoined from selling the property, that Boyd be required to deliver a deed to the property to him, and that petitioner pay $3,500 into the registry of the court and that the court adjudicate the manner of distribution thereof, and that title to the land be declared in him free of all liens. After filing demurrers and an answer to the petition, Boyd filed a motion for summary judgment which the court granted. The appeal is from that judgment. *Held:*

The uncontradicted evidence was that Boyd's attorney announced at the sale of the property under the deed to secure debt that there were outstanding liens of record against the property and that only such interest as Mrs. Beatrice Fort had in the property was being sold. Peacock, having this

information, bid $3,500 for the property and his was the high bid. He did not make an unconditional tender of $3,500 but coupled with his tender the condition that he must be given fee simple marketable title to the property—in other words, title free of all liens, which included the liens of Nichols and the bank, which were superior to the deed to secure debt. Since he bid the property in at the sale subject to the outstanding liens, he was only entitled to a deed subject to those liens, and having made only a conditional tender of the amount of his bid, he was not entitled to the relief sought. See *Smith v. Oliver*, 219 Ga. 720 (4) (135 SE2d 862). The trial court properly granted the summary judgment in favor of Lossie Boyd and denied the relief sought by petitioner.

*Judgment affirmed. All the Justices concur.*

ARGUED DECEMBER 12, 1966—DECIDED JANUARY 5, 1967.

*Edward Parrish, Elsie H. Griner,* for appellant.
*Fred L. Belcher, Fred T. Allen,* for appellees.