### 23922. PEACOCK v. BOYD.

SUBMITTED FEBRUARY 13, 1967—DECIDED MARCH 9, 1967.

*Edward Parrish, Elsie H. Griner,* for appellant.
*Fred L. Belcher, Fred T. Allen,* for appellee.

ALMAND, Presiding Justice. This is a claim case in which a certain tract of land had been levied on under a fi. fa. in favor of Farmers & Merchants Bank against Mrs. Beatrice Fort with one Jerry L. Peacock asserting a claim that said land belonged to him and not the defendant in fi. fa. On motion for a summary judgment by Lossie Boyd, transferee of the fi. fa. in favor of Farmers & Merchants Bank, the claim was dismissed. Peacock appealed to the Court of Appeals, and that court transferred the appeal here on the ground that it was an equitable proceeding. "A claim is really an intervention authorized by statute in a proceeding to which the claimant is not a party, and therefore a claim case partakes of the nature of an equitable proceeding." *Ford v. Holloway,* 112 Ga. 851, 852 (38 SE 373). See also *Myers v. Warrenfells,* 153 Ga. 648 (113 SE 180) and *Hughes v. Clark,* 67 Ga. 19. For other claim cases decided by this court see *Moore v. Prudential Ins. Co.,* 176 Ga. 489 (168 SE 48) ; *Jarrard v. Mobley,* 170 Ga. 847 (154 SE 251) ; and *Turner v. Duncan,* 152 Ga. 54 (108 SE 532).

Under the undisputed evidence of probative value, the court

was authorized to find that: the first time Boyd exposed the property for sale, notice was expressly given that the property was being sold subject to the execution of Farmers & Merchants Bank; Peacock failed to comply with his bid under the terms of this sale; after acquiring the execution of the bank, Boyd again advertised the property for sale under the security deed from Mrs. Fort to him, and Boyd bought the property at the second sale.

The court properly granted the motion for summary judgment and dismissed the claim. The only basis of Peacock's claim of title to the property as appears from the undisputed facts in the record is that in January, 1966, one Lossie Boyd exposed the stated tract of land for public sale under the power of sale in a deed to secure a debt from Mrs. Beatrice Fort to Lossie Boyd and that an agent of Peacock was the successful bidder for the price of $3,500; yet Boyd would not accept said $3,500 in exchange for good title insisting the sale was made subject to prior executions. Further, since the sale in the first foreclosure was subject to the fi. fa. of the bank, Peacock would not be entitled to require Boyd to make him a deed because Peacock made only a conditional tender of the amount of his bid. See *Peacock v. Boyd,* 222 Ga. 849 (152 SE2d 836).

*Judgment affirmed. All the Justices concur.*