Trippe, Judge.
It is a principle running through the whole doctrine of agency, that where an agent does not disclose the fact of his agency, he is liable, personally, on his contracts. If the party with whom he deals discovers that he is but an agent, such party may hold, the principal responsible: 15 East., 67; 9 B. & C., 78. He may *76 hold either the agent or the principal accountable, but if he elects to go on the principal, he is bound by that election: Chitty on Contracts, 206. But the simple fact that the agent refuses to pay, and the creditor requests his. *attorney to forward the account to the alleged principal, or, in other words, to try to get payment wherever he could, is not, of itself, an election. If the creditor, when he ascertains that there is a principal who is liable, accepts him as the debtor, and looks exclusively to him, the creditor cannot afterwards recover from the agent. The Court charged this, and it was not error to add what is objected to in the second ground of exception: Story on Agency, 291, and note.
The Court fully and distinctly left the questions both of agency and election,-to the jury. If the creditor knew of the agency at the time the debt was created, the agent was not liable. If the creditor elected to go on the principal, after the fact of agency was ascertained, as before stated, the agent was no longer liable, But what the agent himself did, as to settling with his principal, throws no light on the question as to whether he was an agent in this particular case, or whether the creditor had made such an election as would discharge him. If he were, in fact, the agent, and such election had been made by the creditor, then the fact proposed to have been proven would have strongly exhibited the equity of the rule. But, under the charge the Court gave, “that an election by the creditor to go on the principal bound him,” the testimony was wholly immaterial. Under the charge, there were but two questions on this branch of the case: Was plaintiff an agent ? Did the defendant make an election ? With those two questions, which-left it as favorable to the plaintiff as he could ask, it did not matter whether or not the evidence was admitted.* The jury found against'the plaintiff on these questions.
The general principle is, that a bailee for hire, not only has a lien on the thing deposited for payment of charges, but the bailor is personally liable. We know of no rule of law that will take cotton stored with a warehouseman, out of the operation of that principle. The goods or cotton, may be lost of destroyed without the fault of the bailee, the warehouseman. There is no reason why he should lose his services, any more than the keeper of a livery stable, a landlord, or any other ^bailee. If it be necessary for the interests or convenience of the planter that this rule should be changed in relation to cotton, and that the warehouseman should look to the cotton or to whomsoever his receipt for the cotton may be transferred, it must be done by legislation.
Judgment affirmed.