## NEWMAN *vs.* REAGAN.

| 63 | 755 |
| 118 | 871 |

[WARNER, Chief Justice, being engaged as presiding officer of the senate in an impeachment trial, did not sit in this case.]

1. An employer is not bound to discharge his clerk immediately on the bad conduct of the clerk coming to his knowledge; he may wait a reasonable time before taking such extreme measure ; and what is a reasonable time in each case is a question of fact for the jury.
2. If the clerk, either negligently or for want of capacity, make mistakes about his master's business detrimental to the latter's interest, the latter may discharge him, and need not wait until the mistakes of the clerk work very great damage to him.

3. When the discharged clerk sues for his wages, the master may re-coup damage done him by the clerk in the course of the business about which he was engaged, and which he contracted to do, and may, on proper pleadings, introduce evidence showing loss of goods or of customers by the conduct of the clerk, and the damage, if any, resulting therefrom.

4. The great questions in the case are, was the clerk discharged *bona fide* on the part of the master for bad conduct, or was he discharged because the business season was over, and were charges of bad con-duct mere pretexts for the discharge? And if rightfully discharged, how much did the misconduct of the clerk damage the employer, to be deducted by way of recoupment from the wages of the clerk ?

Master and servant. Contract. Recoupment. Evidence. Before Judge WRIGHT. Dougherty Superior Court. April Term, 1879.

To the report contained in the opinion it is only neces-sary to add that the following were among the grounds of the motion for a new trial :

(1.) Because the verdict is contrary to law and the evidence.

(2.) Because the court refused to charge the following request : " That the contract of hiring for one year is an entire contract, and when made, the law implies an obliga-tion on the part of the employee to obey and execute all reasonable orders and commands of his master within the scope of the business for which he was employed ; and if the employee neglects or disobeys such reasonable orders or com-mands, it is good cause and legal excuse for his discharge."

(3.) Because the court erred in charging the jury as fol-lows : " The only issue for you to try is, did he discharge him rightfully, or did he discharge him wrongfully ?"

(4.) Because the court erred in charging the jury, in sub-stance, that if plaintiff failed at any time to perform his part of the contract, and it came to the knowledge of de-fendant, if he accepted his services for a considerable length of time thereafter, he could not go back and discharge him, and not be liable for his services for the time he had him ; that from retention by the employer after knowledge

of failure by the employee, would arise a presumption that it was condoned.

(5.) Because the court erred in charging that "a simple mistake that works no great loss would not be a violation of a contract unless that mistake was of a negligent character, and worked very great damage to the defendant."

(6.) Because the court rejected evidence tending to show the effect of the employee's conduct on the employer's business.

The motion was overruled, and defendant excepted.

H. MORGAN ; LEWIS ARNHEIM, for plaintiff in error.

D. H. POPE, for defendant.

JACKSON, Justice.

A clerk was discharged by his employer ; he brought suit for wages for the year for which he was employed ; the jury gave him a verdict, and the employer made a motion for a new trial, which being refused, he excepted, and the case is before us for review.

1. We think that the court went too far in charging that if the clerk was guilty of bad conduct, the employer should discharge him *immediately*, or it would be too late to fall back upon such conduct as a reason for the discharge. There was evidence of bad conduct, or an attempt to prove it, some months before, and there was evidence going to show bad conduct a few days before the clerk was discharged. We are of opinion that the court should have instructed the jury that the employer must act in a reasonable time after the conduct of the clerk of which he complained, and left the jury to judge of what time would be reasonable under all the facts of the case.

2. If the servant misbehaves, or if he make mistakes about his master's business, so that he does not suit the place for which he was employed, the employer may, *bona fide* on account of such mistake, discharge the servant ; and

the court should not have charged that "a simple mistake, that works no great loss, would not be a violation of a contract, unless that mistake was of a negligent nature and worked very great damage to the defendant." The extent of the damage and the reasonableness of the discharge in consequence of the mistakes of a clerk, are questions for the jury, and the court laid too much emphasis on the degree of damage which would authorize a discharge, when he said that the mistake must have resulted in very great damage

3. We see no reason why the defendant could not recoup for any damage done him by the clerk springing out of the contract of hire. The clerk contracted to serve the employer faithfully and well, and if he failed to do so, and thereby endamaged him, the amount of such damage might well be pleaded by way of recoupment, and the plaintiff's salary diminished to that extent. To that end the defendant was entitled to introduce any evidence going to show loss of custom, or other injury, if any, by the bad conduct of the clerk, and the extent to which he was damaged thereby. Of course, if there were such evidence and recoupment was pleaded, which seems to be the case, though perhaps the plea needs amendment, the court should not have confined the case to the single issue of rightfulness or wrongfulness of the discharge. *Juchter vs. Boehm, Bendheim & Co.*, last term. That is the main question; but if decided for the defendant, then the clerk could recover only his wages up to the discharge, less such damage as the employer had received.

Looking at the case in its entirety, while the verdict may be right, we think that there is such conflict as requires a good, substantial, legal charge; and the court went too far, in our judgment, in requiring the defendant to show *great damage* before he could discharge his clerk, and in requiring him to act immediately on the happening of the bad conduct of the clerk. How far these charges may have misled the jury, or how they may have been affected by them in finding their verdict, we do not know. It is best that the case be tried again.

4. There is nothing in the demurrer, and the other allegations of error strike us as immaterial. The questions are, was the master, in view of all the facts proven, justifiable in discharging his servant, or did he tire of him on account of the approach of dearth of business, and discharge him on mere pretexts? and, if he was right in discharging him, what amount had the clerk damaged him to recoup against his wages? See, cited by plaintiff in error, 55 *Ga.*, 75 ; Smith's Master and Servant, original pages 73-76.

Judgment reversed.