## ATLANTIC COMPRESS COMPANY *v.* YOUNG.

1. An employee who has bargained his time to his employer has no right to appropriate any part of such time to his own use, without the consent of his employer.
2. An employer is not bound to discharge his employee immediately on bad conduct of the employee coming to his knowledge, but may wait a reasonable time before taking such extreme measure; and what is a reasonable time in a particular case is a question for the jury.

Argued October 13,—Decided October 31, 1903.

Complaint — appeal.　Before Judge Felton.　Bibb superior court.　August 6, 1903.

Cited by counsel: 20 Am. & Eng. Enc. L. (2d ed.) 29, 32, 47; 1 Id. 1071-2-3.

*Hardeman, Davis, Turner & Jones* and *E. P. Johnston*, for plaintiff in error.　*M. R. Freeman*, contra.

TURNER, J.　W. K. Young brought a suit in the justice's court for the 564th district, G. M., against the Atlantic Compress Company, a corporation having an agent in Bibb county, for his salary for the month of April, 1902, claiming $75.　That court having rendered a judgment in favor of the plaintiff, the defendant in due time entered an appeal to the superior court.　The original plea of the defendant denied any indebtedness to Young in manner and form as alleged, and on the appeal an amended answer was filed by leave of the superior court.　This amended plea alleged that the defendant discharged the plaintiff from its service on the 28th of March, 1902, and was justified in so doing for the following reasons:　On or about November 1st, 1901, plaintiff was in the employ of the defendant, and his duties under said employment were to devote all his time to the service of the defendant, conducting the business of a cotton compress and warehouse in the city of Macon; that notwithstanding plaintiff's duties to the defendant required all of his time, and notwithstanding defendant was then and there engaged in the business of loading cotton on railroad cars, the plaintiff engaged himself in loading 279 bales of cotton for the Payne Cotton Mill, and used the appliances and employees of defendant for that purpose, without its consent or knowledge, and himself received the compensation therefor, which he refused to pay over to the defendant on demand; that the conduct of the plaintiff in engaging in the loading of said cotton was an interference with defendant's business and a violation of plaintiff's duty to defendant in the premises.

On the trial of the case in the superior court, the jury found for the plaintiff the sum claimed in the suit, with interest, and a judgment was entered up in accordance with the verdict.　The defendant filed a motion for a new trial, on the formal grounds to the effect that the verdict is contrary to the evidence, to the principles of justice and equity, against the weight of the evidence, etc.,

and because said verdict· is contrary to the charge of the court; but without setting out the charge of the court. Subsequently, by leave of the court, an amendment to the motion for a new trial was filed by the defendant, in which various paragraphs of the charge of the court to the jury were alleged to be erroneous. Among the charges complained of in the motion for a new trial was the following: " As such employee, he [meaning the plaintiff] would not be authorized during the hours of his employment to undertake other duties which were in conflict with the duties which he owed to his employer, which had the effect of using his time which had been contracted to his employer, for his own benefit, for his, the employee's benefit." The complaint alleged against this charge is to the effect that, under the law, an employee can not, during the hours contracted to his employer, undertake other duties for himself, whether such duties be in conflict with the duties he owes his employer or not. It was also complained that the court erred ·in charging the jury as follows: " On the other hand, if the business the employee contracted to perform, the duty he contracted to perform, is such that it does not require all of his time, and he engages to do a matter which does not conflict with the terms of his employment and does not conflict with the business which he is doing for his employer, because [not in] competition with that of his employer, then, if it in nowise interferes with the terms of his employment, there would be no reason why he could not engage in it, and that would not furnish a proper ground for discharge." The complaint against this latter charge in the motion for a new trial was, that it authorized the jury to find that though the defendant had bargained for all the time of the plaintiff, yet if the business with which he was charged did not require all of his time, and if, during such time, the plaintiff conducted another business and gave to it his personal service out of the time engaged to the defendant, it would not be cause for dismissal. It was also complained that there was no evidence upon which the court could base a charge on the theory that plaintiff's employment by the defendant corporation did not require all of his time. The motion for a new trial was overruled, and the defendant excepted.

1. Without undertaking to pass upon the disputed questions of fact submitted to the jury, we are constrained to believe that

the foregoing charges of the court rested on an erroneous view of the duty of an employee who owes all of his time to his employer. We can not sanction the contention that an employee, under such a contract, can appropriate to his own use time which he has actually bargained to his employer. Such a privilege, under any circumstances, and especially when the employee is a superintendent, would tend to induce the employee to prefer his personal interest to that of his employer, and to make excuses for neglecting the business of his employer, and to avail himself of opportunities to pursue his own advantage. If the evidence had shown satisfactorily that the employee in this case was not, during regular working hours, constantly occupied with duties he owed to his employer, a due regard for the obligations imposed upon him by his contract of employment would have required him to obtain the consent of his employer before he should undertake, for his own benefit, duties outside of his regular business. We believe that an employee owes to his employer good faith in his service, and the courts can not afford him any temptation contrary to such duty. We also think that all the time of an employee contracted for belongs to his employer; and we are impressed by the complaint of the plaintiff in error that in one of the charges above quoted the court instructed the jury on the hypothesis that there was before them evidence which would warrant a finding that the plaintiff had not contracted to give all of his time during working hours to his employer. We are unable to find in the brief any evidence that the plaintiff did not owe all of his time to the defendant. Without pursuing this matter through the various other allegations of error contained in the motion for a new trial, and which present the complaints just mentioned in other and kindred ways, we believe that a new trial should be granted.

2. The plaintiff contended, it seems, that even if there were cause for dismissal, it was waived by the lapse of time. The charge of the court on this subject, as in the case of *Newman* v. *Reagan,* 63 *Ga.* 755, instructed the jury that the employer must act within a reasonable time after the conduct of the employee of which it complained became known, and left the jury to judge what time would be reasonable under all the facts of the case. While the court, in stating the contentions of the parties, might

have made the statement a little fuller, we find no substantial error harmful to the plaintiff in error in this instruction to the jury.                    *Judgment reversed.    All the Justices concur.*