## HUGHES *v.* McHAN.

Where the sole and controlling issue in a case was whether, as contended by the plaintiff, he had sold goods upon the credit of a married woman to whom he delivered the same, or whether, as she insisted, credit therefor was extended to her husband, it was prejudicial error to allow the plaintiff to testify that, contracting on her own account, she had rented rooms from him.

Argued November 14, — Decided December 21, 1904.

Certiorari. Before Judge Gober. Gilmer superior court. May 17, 1904.

*N. A. Morris* and *A. N. Edwards,* for plaintiff in error.

Evans, J. This case originated in a justice's court, the same being a suit brought by W. F. McHan against Mrs. Charlie Hughes, to enforce the collection of an open account. The plaintiff prevailed on a trial before a jury in that court, and the defendant thereupon took the case by certiorari to the superior court. To the judgment of the superior court refusing to sustain her petition for certiorari she excepts. In her petition she made complaint of various rulings of the magistrate; but as his answer does not verify the statements of fact concerning any save two of these rulings, the correctness of the judgment excepted to depends upon whether or not there was merit in the complaint made of the two rulings of the magistrate to which he certifies. The issue in the case was whether, as contended by the plaintiff, he sold the articles of merchandise included in the account upon the individual credit of Mrs. Hughes, or whether, as she insisted, credit therefor was extended to her husband, under an arrangement he had made with the plaintiff to furnish her supplies during his absence in Florida. Upon this issue the testimony was in painful conflict. Over the defendant's objection, the magistrate permitted the plaintiff to testify that "Mrs. Hughes rented some rooms from him." The purpose of this testimony was to show that the defendant had, with respect to the renting of these rooms, contracted in her individual capacity; her objection was that he was not suing for rent, and the testimony did not illustrate the issue then being tried. The defendant then sought to rebut this testimony by introducing a receipt signed by the plaintiff, whereby he acknowledged payment of rent by her husband, but the magistrate declined to allow this receipt to be put in evidence.

It is apparent that Mrs. Hughes' chances of success before the jury were thus seriously impaired. The testimony to which she objected was clearly irrelevant and should have been excluded. It raised a purely collateral issue which she was not permitted to meet, and its prejudicial effect upon the jury is illustrated by the verdict they returned, for the preponderance of the evidence was apparently in her favor. The court below should have allowed her another opportunity of contesting with the plaintiff the real merits of the case.

*Judgment reversed. All the Justices concur.*