## 46. VIDALIA COMPRESS AND POWER COMPANY *v.* MATHEWS.

While it is true that an employee who has bargained all of his time to his employer has no right to appropriate any part of such time to his own use without the consent of his employer, yet, where the work at which the employee is engaged has been suspended and does not require all his time, a temporary absenting of himself, where no injury results to the employer from such absence, will not, in all cases, justify his being discharged by the employer. In every instance the question is to be determined by the contract, the nature of the business, and the effect upon the master's interests.

Breach of contract, from Toombs superior court—Judge Rawlings. April 2, 1906.

Submitted January 16,—Decided January 22, 1907.

*W. M. Lewis,* for plaintiff in error.

*Jones & Sparks, Hines & Jordan,* contra.

POWELL, J. While this case is, in some respects, similar to the case of *Atlantic Compress Co.* v. *Young,* 118 *Ga.* 868, still there

is sufficient difference to distinguish the two. In that case it was undisputed that the plaintiff had bargained his whole time to his employer, and that without his employer's consent he appropriated a portion of it to doing work for another, while the employer's business was neglected. In this case the jury was authorized to find that the employer had shut down the business for several days, and that while the employee was absent for a few hours from the town in which the business was being conducted, no injury resulted from such absence. In Wood on the Law of Master and Servant, 215, §114, it is said: "But no definite rules can be given which will afford a test in all cases for determining whether a servant can lawfully be discharged. But each case, of necessity, stands by itself, and depends upon the peculiar circumstances attending it. What might be regarded as a very good excuse for a discharge in one case might be no excuse at all in another. This is well illustrated by the cases. Thus, in one case an absence from the service without leave for the period of four days, the master sustaining no damage therefrom, was held not to afford a good excuse for discharging from service, while in a case in Louisiana an absence for a single day was held sufficient; and there is no question but that in some instances absence for an hour, or even less, would constitute an equally good excuse. *In every instance the question is to be determined by the contract, the nature of the business, and the effect upon the master's interests.* If a person is employed as a farm hand, and should be absent a day or two without leave, at a time when his services were not especially needed, it might not furnish a good ground for his discharge, but if he should be absent one day without leave in time of harvesting, when his services were greatly needed, and whereby his master's interests were injured, it would be a very good ground for the master to put an end to the contract and employ another person in his place. So, too, if a workman, employed in a business that, while being prosecuted, required the exercise of great skill and constant attention, should absent himself from service for ten minutes, whereby the master was damaged or even exposed to danger of loss, there can be no question but that even this short absence might furnish an ample excuse for the master to dispense with his services. Suppose a pressman employed on a daily paper, having the entire charge of putting it to press, should, at the very hour when the paper should

go to press, voluntarily absent himself for an hour, whereby the issue of the paper was delayed, and the master lost the sale of a large part of its edition, would not this be sufficient to warrant the master in discharging him? There can be no question about it, and thus it will be seen that, as to what constitutes desertion of service in a particular case, so as to warrant the servant's discharge, depends upon the contract, the nature of the business, and its effect upon the master's interests." We think this correctly states the law, and since in the case at bar no complaint is made that the trial judge did not charge the jury properly and fully in regard to the principles of law governing the case, the judgment is

*Affirmed.*