## 6451.  MINTER *v.* MALSBY MACHINERY CO.

WADE, J. The court did not err in sustaining the demurrer to the plea, so far as the plea sought to set up a breach of contract on the part of the plaintiff. *Baxley Tie Company* v. *Simpson,* 1 *Ga. App.* 670 (57 S. E. 1090); *Stimpson Computing Scale Co.* v. *Taylor,* 4 *Ga. App.* 567 (61 S. E. 1131); *City of Moultrie* v. *Schofield's Sons Co.,* 6 *Ga. App.* 464 (4, 5), 469 (65 S. E. 315); *Case Threshing Machine Co.* v. *Cook,* 7 *Ga. App.* 631 (3), 636 (67 S. E. 890); *Beasley* v. *Huyett & Smith Mfg. Co.,* 92 *Ga.* 273 (18 S. E. 420); *International Harvester Co.* v. *Dillon,* 126 *Ga.* 672 (55 S. E. 1034). Nor was there, under the particular facts of this case, any harmful error in striking the plea which denied indebtedness to the plaintiff for attorney's fees, and denied that the plaintiff had given the notice required by law in order to recover such fees, since it appears that the court permitted the introduction of evidence on this question, and submitted the issue to the jury as to whether or not the defendant was liable for attorney's fees. There was no material error in the trial of the case, and the court did not err in overruling the motion for a new trial.     *Judgment affirmed. Russell, C. J., dissents.*

DECIDED JANUARY 7, 1916.

Complaint; from city court of Blakely—Judge Sheffield. February 20, 1915.

The Malsby Machinery Company sued Minter for a balance of $74.67 principal, besides interest and attorney's fees, on each of two promissory notes, which recited that they were given for certain machinery described and 400 feet of chain. The defendant in his answer denied the alleged indebtedness, and denied the allegation as to notice of intention to sue for attorney's fees, and further pleaded as follows: Defendant "shows to the court that the plaintiffs sold him 400 feet of chain to be used for the purpose of taking off the slabs and refuse from the shingle-mill, and that the notes were given for this chain, but he shows to the court that only 363 feet of chain was ever delivered to him by plaintiffs, and that there has been a failure of consideration of said notes to the amount of 37 feet of chain, which was worth, at the price that it was sold to him, at least $37.00, and that he should have a credit of that amount on said notes. He also shows to the court that the chain was sold to him for the express purpose of using same for taking off slabs and other refuse from shingle-mill, and that the plaintiffs guaranteed to him that said chain would do this work, and that, believing these representations to be true, he bought same and gave the notes sued on to plaintiffs. However, he shows to the court that said chain will not take off the slabs or refuse, and that it is totally worthless, that he has paid to the plaintiffs on said chain $237.00, and that he here and now sues the plaintiffs for this amount, and prays judgment for this amount against the plaintiffs."

The plaintiff demurred to the answer, on the following grounds: It sets up no defense. It appears therefrom that the defendant, by giving the notes sued on, estopped himself from setting up the defense set forth in the answer. It appears from the answer that the defendant received the chains, and, after inspecting and retaining them, paid the plaintiff $237; thereby waiving his right to plead failure of consideration as set forth. The answer shows on its face that it seeks to engraft an oral condition on an unconditional contract in writing. It appears from the answer that the $137 was paid after acceptance of the chains when they were patently defective, in that the chain was 37 feet less than the chain bought as alleged in the answer.

The court sustained the demurrer and struck the answer, directed

a verdict for the amount of the principal and interest sued for, and submitted to the jury the question whether the defendant was liable for the attorney's fees sued for, evidence being introduced as to notice of intention to sue for attorney's fees. On this issue the jury found against the defendant. The exceptions are to the striking of the answer, and to the overruling of the defendant's motion for a new trial, which was based on the grounds that the verdict was contrary to law and to the evidence.

*W. I. Geer,* for plaintiff in error. *Rambo & Wright,* contra.