## COGAN COMPANY v. HUGHES.

ATKINSON, J. 1. In an action for the price of doing certain grading, based on a parol contract for work in constructing a railroad-bed, the issue was as to the price agreed to be paid for the work. The defendant contended that the contract price was twenty cents per yard for the removal of earth, and one cent for "overhaul;" and the plaintiff contended that the price was twenty-five cents per yard for removal of earth, and two cents for "overhaul." While the plaintiff was being examined as a witness in his own behalf, the defendant's counsel propounded questions to him referring to other work, and asking if the work which formed the basis of the suit was not "lighter" and "easier to handle" than such other work. In another question the witness was asked if it was not true that there was another contractor near him doing the same sort of work and getting only twenty cents per yard for the removal of earth. Other questions of the same import, and as to whether twenty cents was not the uniform price paid for all work like that the plaintiff was doing along the whole line of railroad, were propounded by the defendant's counsel to another witness who was introduced in behalf of the plaintiff. At the time the questions were propounded counsel stated that the answers expected were to the effect that the plaintiff had done other similar work on the construction of the same road-bed, under a contract with the defendant, at the price contended for by the defendant, that the work was easier and lighter than that involved in the case on trial, and that the other contractors on the line of the road were grading at the prices contended for by the defendant; and that the evidence would show the unreasonableness of the plaintiff's contention, and was a circumstance tending to show that the contract was not made as alleged by the plaintiff. The court refused to allow the answers to any of the questions, and stated in effect that the contract between the parties was controlling, and that the evidence sought to be elicited was irrelevant. *Held,* that this was not erroneous. *Jacobus* v. *Wood,* 84 *Ga.* 638 (10 S. E. 1099); *Hughes* v. *McHan,* 121 *Ga.* 499 (49 S. E. 590); *Armour Car Lines* v. *Summerour,* 5 *Ga. App.* 619 (63 S. E. 667).

2. Alleged improper remarks by counsel for the plaintiff while addressing the jury were not of such character as to require the judge to declare a mistrial without a motion having been made therefor.

3. Other grounds of the amended motion for new trial do not show error requiring a reversal of the judgment.

4. The evidence was sufficient to authorize the verdict.

                    *Judgment affirmed. All the Justices concur.*

        MARCH 15, 1916.  REHEARING DENIED APRIL 15, 1916.

Attachment. Before Judge Meadow. Elbert superior court. July 15, 1915.

*W. D. Tutt* and *Z. B. Rogers,* for plaintiff in error.

*George C. Grogan,* contra.