## HATTAWAY & RAMBO *v.* SANDERLIN.

ATKINSON, J. 1. In an action by a discharged employee to recover for breach of a contract of service, where the terms of the contract are in issue, and where it appears that the plaintiff had been in the employment of the defendants for the previous year, testimony as to collateral matters that prior to that time he had had no experience in that particular line of employment is inadmissible for the purpose of illustrating the reasonableness of the defendants' contention as to the terms of the contract. *Cogan* v. *Hughes,* 145 *Ga.* 5 (88 S. E. 418).

2. If an overseer, either negligently or for want of capacity, makes mistakes about his master's business detrimental to his master's interest, the master may discharge him. *Newman* v. *Reagan,* 63 *Ga.* 755; 26 Cyc. 989 (d); 20 Am. & Eng. Enc. Law, 29 (j); 1 Labatt on Master & Servant, § 294 (b). But if he be competent to discharge the duties of his employment and is not negligent in the performance of such duties, it is no ground to discharge him merely because he is unable to control some of the laborers whom he is employed to superintend. 20 Am. & Eng. Enc. Law, 29 (j); 26 Cyc. 89 (d), and cases cited under note 40. The court recognized this principle throughout his charge, and it was proper to decline specific requests which militated against it.

(a) In the contract for personal service, the competency of the employee, unless otherwise expressed, imports nothing more than reasonable skill; and failure to perform in an absolutely skillful manner the services contracted for furnishes no ground for discharge. Crescent Horse-Shoe &c. Co. v. Eynon, 95 Va. 151 (27 S. E. 935). Hence, if one employed as an overseer, without anything said as to his competency, who has superintendence of the laborers on a plantation, discharges his duties with reasonable skill and without negligence, the mere fact that some of the laborers are refractory and he is unable to control them in the performance of their work is no ground for his discharge. 20 Am. & Eng. Enc. Law, 29 (j), and cases cited in note 1 on page 30.

3. In their answer the defendants set up as a defense to the action the incompetency of the plaintiff to render the services contracted to be performed. There was evidence tending to support such allegations. The judge refused a timely written request to charge as follows: "If you believe from the evidence in this case that Mr. Sanderlin, either negligently or for want of capacity, made mistakes about the business of Hattaway & Rambo which resulted in damage to them, the defendants would have the right to discharge Mr. Sanderlin, if you believe from the evidence that Mr. Sanderlin was, as a matter of fact, negligent, or did not have the capability to do the work he contracted to do." *Held*, that the request was in accord with the rule announced in *Newman* v. *Reagan*, 63 *Ga.* 755, and under the pleadings and evidence the refusal to give such charge as requested was reversible error.

4. There was no error in refusing the other requests to charge, or in giving the instructions criticised in the motion.

*Judgment reversed. All the Justices concur.*

May 12, 1916.

Action for breach of contract. Before Judge Worrill. Clay superior court. January 13, 1915.

.*E. R. King* and *Rambo & Wright,* for plaintiffs in error.

*Ben M. Turnipseed,* contra.