11189. MACKLE CONSTRUCTION CO. *v.* HOTEL EQUIPMENT CO.

SMITH, J. 1. "While agency may be proved by the testimony of the alleged agent as a witness, it cannot be proved by his mere declarations, either spoken or written. Such declarations ought not in any event to be received in evidence, unless the party tendering the same offers in good faith to supplement them by other and independent evidence of agency; and if such offer is not made good, the declarations ought to be excluded from consideration by the jury. The safer and better practice, in all cases, is to require proof of the agency before admitting such declarations at all." *Abel* v. *Jarratt,* 100 *Ga.* 732 (2) (28 S. E. 453). Under this ruling it was not reversible error for the court to admit testimony of T. M. Turner to the effect that goods included in the account sued on were bought for the Mackle Construction Company, the defendant, by E. W. Roberts. Roberts was later introduced by the plaintiff and testified that he was the agent of the Mackle Construction Company and purchased the goods for that company.

2. The court erred in admitting evidence as to purchases of goods for the Mackle Construction Company made for the commissary at Camp Gordon at some time previous to the purchase of the goods included in the account sued on in this case, this being a suit on an account for goods alleged to have been sold to the defendant for a commissary at Camp Jesup, and that testimony being as to an entirely different transaction.

3. The evidence in the case being in strong conflict as to whether the goods included in the account sued on were bought by the Mackle Construction Company through E. W. Roberts, or whether he bought them on his own account and not as agent of that company, the court erred in directing a verdict for the plaintiff, as the question of agency and the question as to whom credit was given and who was the real purchaser were all questions of fact for the jury to determine.

4. Such of the assignments or error not dealt with above as are insisted upon in this court are without substantial merit; and under the above

ruling the judge of the superior court erred in overruling the certiorari and entering judgment in favor of the plaintiff.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

·          DECIDED APRIL 8, 1920.

Certiorari; from Fulton superior court — Judge Humphries. October 27, 1919.

*Norman I. Miller,* for plaintiff in error.

*Burress & Dillard,* contra.