11772.   COLLIER v. SCHOENBERG.

1. The fact of agency may be established by declarations of the alleged principal. *Taylor* v. *Young*, 21 *Ga. App.* 40 (1 *a*) (93 S. E. 558). Declarations of an alleged agent are not by themselves admissible to prove agency, but it may be established by proving circumstances, apparent relations, and the conduct of the parties; and where the extraneous circumstances, independently of and without regard to the declarations of the agent himself, clearly tend to establish the fact of his agency, his declarations, though inadmissible if standing alone, may, as a part of the res gestæ of the transaction, be considered. *Williams* v. *King Hardware Co.*, 25 *Ga. App.* 680 (104 S. E. 454), and cases cited; *Cable Co.* v. *Walker*, 127 *Ga.* 65 (104 S. E. 454) ; *Martin* v. *Bridges & Jelks Co.*, 18 *Ga. App.* 24 (2) (88 S. E. 747) ; *White Sewing Machine Co.* v. *Horkan*, 7 *Ga. App.* 283 (3), 285 (66 S. E. 811) ; *Heitman* v. *Commercial Bank of Savannah*, 7 *Ga. App.* 740, 743 (68 S. E. 51) ; *Small* v. *Williams*, 87 *Ga.* 681 (2) (13 S. E. 589) ; *Hall* v. *Mize*, 142 *Ga.* 395 (2) (83 S. E. 92) ; *Fowler* v. *Parks*, 138 *Ga.* 786 (2) (76 S. E. 85) ; *Hood* v. *Hendrickson*, 122 *Ga.* 795 (2) (50 S. E. 994) ; *Napier* v.

*Strong,* 19 *Ga. App.* 401, 409 (91 S. E. 579). Applying the foregoing principles of law to the evidence in this case, the jury were authorized to find that the fact of agency had been established.

2. The judge charged the jury that if the person in charge of the defendant's car at the time of the injury was driving it " as the servant or agent of the defendant," the defendant would be responsible for any negligence of which the driver might be guilty. He did not amplify this statement by adding that such alleged acts of negligence by the servant must have been done in the prosecution of or within the scope of the master's business. *Held,* that such a charge cannot be accounted as reversible error; for, while a master is bound by the acts of his servant only when the latter is acting within the scope of his authority (Civil Code of 1910, §§ 3593, 4413), still, since the charge limited the accountability of the master for the negligence of the servant to his acts when done " as the servant or agent of the defendant," this should be taken as the equivalent of a statement that the acts must have been done within the scope of the master's business. *Fielder* v. *Davison,* 139 *Ga.* 509, 511, 512 (77 S. E. 618).

3. The court erred in charging the provisions of a municipal ordinance of the City of Savannah, which had not been sufficiently pleaded, or admitted by the defendant, or in any wise proved by the evidence.

DECIDED MARCH 16. 1921.

Action for damages; from city court of Savannah — Judge Freeman. July 10, 1920.

*Shelby Myrick,* for plaintiff in error.

*Morris H. Bernstein, Simon N. Gazan,* contra.

JENKINS, P. J. In regard to the city ordinance referred to in the 3d headnote, the court charged the jury as follows: "There is a valid municipal ordinance of the city, which requires that any person or persons operating or driving any vehicle upon the streets and lanes of this city, when turning into a street to the right, shall keep close to the right curb, and when turning into the street to the left, shall swing wide of the left curb, passing beyond the center of the intersecting street. To violate that ordinance, he would be guilty of negligence as a matter of law; and if by reason of such a violation of the ordinance and such negligence a plaintiff or person is hurt or his property is injured, then there is a liability on the part of the person who did it, or whose employee did it. " It is contended that this was error, because the ordinance referred to was not set out or admitted · by the pleadings, or introduced in evidence, and that consequently it was harmful error for the judge, as a matter within his judicial cognizance, to charge it. The court, in the order

overruling the motion for a new trial, stated that this ordinance was sufficiently pleaded for the court to take cognizance of it under section 4872 of the Code of Georgia (1882) (Code of Savannah, 1918, sec. 131), which provides: "All ordinances, by-laws, rules and regulations of said city, published by authority of said mayor and aldermen, and promulgated as such by said authority, shall be evidence in all the courts of this State to the same extent that laws of the State, as published by authority, shall be evidence of such laws; and when, in any case, an exemplification of any such ordinance, by-law, rule, or regulation, minute of council, or any paper of file in any of the departments of the government of said city may be required, the same may be authenticated under the official signature of the mayor or acting mayor, and the seal of said city." In the pleadings the only reference to the ordinance is a meager statement in the petition that the defendant's agent or servant was negligent "in making a short turn as he was about to turn west in crossing Drayton street, when he was running north, *in violation of the city ordinance requiring a long turn under those circumstances.*" This allegation was denied by the defendant's answer, and there was no proof offered by either party as to the existence of any such ordinance.

The general rule is that courts cannot take judicial cognizance of municipal ordinances. *Funk* v. *Browne,* 145 *Ga.* 828 (2) (90 S. E. 64); *Taylor* v. *Sandersville,* 118 *Ga.* 63 (44 S. E. 845). That the general rule has application to the ordinances of Savannah would seem to be necessarily and clearly implied by the following cases. *Pounds* v. *Central of Ga. Ry. Co.,* 142 *Ga.* 415, 417 (83 S. E. 96); *Mayor &c. of Savannah* v. *Jordan,* 142 *Ga.* 409, 414 (83 S. E. 109, L. R. A. 1915C, 741, Ann. Cas. 1916C. 240); *McDermott* v. *Mayor &c. of Savannah,* 18 *Ga. App.* 308, 309 (89 S. E. 348). We think, therefore, that the court erred in charging the unpleaded and unproved ordinance.

*Judgment reversed. Stephens and Hill, JJ., concur.*