### 18084.  ALEXANDER v. RICHARDSON.

BELL, J.  1. "Declarations of an alleged agent are not by themselves admissible to prove agency, but it may be established by proving circumstances, apparent relations, and the conduct of the parties; and where the extraneous circumstances, independently of. and without regard to the declarations of the agent himself, clearly tend to establish the fact of his agency, his declarations, though inadmissible if standing alone, may, as a part of the res gestae of the transaction, be considered."  *Collier* v. *Schoenberg*, 26 *Ga. App.* 496 (106 S. E. 581); *Render* v. *Hill*, 30 *Ga. App.* 239 (117 S. E. 258).

2. While it is the safer and better practice in all cases to require proof of the agency before admitting the declarations of the alleged agent under the rule referred to in the preceding paragraph (*Abel* v. *Jarratt*, 100 *Ga.* 732 (2), 28 S. E. 453), yet where, after such declarations have been prematurely and improperly admitted, there is further evidence which amply authorizes a finding that the agency existed, the error in admitting the declarations will not ordinarily require a new trial. *Mackle Construction Co.* v. *Hotel Equipment Co.*, 25 *Ga. App.* 137

---

Agency, 2 C. J. p. 932, n. 2; p. 935, n. 27; p. 939, n. 43; p. 940, n. 44, 48; p. 944, n. 96, 97; p. 954, n. 83; p. 956, n. 84.
Appeal and Error, 4 C. J. p. 962, n. 43.
Attorney and Client, 6 C. J. p. 759, n. 76; p. 763, n. 28.
Evidence, 22 C. J. p. 978, n. 74.

(102 S. E. 868); *Indiana Fruit Co.* v. *Sandlin,* 125 *Ga.* 222 (5) (54 S. E. 65); *Jones* v. *Harrell,* 110 *Ga.* 373, 381 (35 S. E. 690); *Rome Ins. Co.* v. *Thomas,* 11 *Ga. App.* 539 (75 S. E. 894).

3. In this suit by an attorney at law against his former client to recover for his services in defending a suit to which such client was a party defendant, the client, being a married woman, testified that she had, by a written power of attorney which was in evidence, appointed her husband as agent to transact her "general business," but that the power of attorney had been revoked and cancelled "about 1922." Her husband testified that the revocation was made at about the same time, and that a third person named drew this revocation. The person referred to as having drawn the papers, however, testified that to his recollection the transaction was some time in 1924. The attorney's services for which the instant suit was brought were engaged and rendered in the first part of the year 1922, and the attorney contended that he had been employed to perform the same by the present defendant's husband acting as her agent. *Held,* that the evidence authorized the inference of authority in the husband to procure the attorney's services at the wife's cost.

4. The testimony of the attorney to the effect that the suit in which the services were rendered resulted in a verdict in his client's favor was not subject to the objection that the verdict was the highest and best evidence of such result, there being no effort to show the *contents* of the verdict by parol. *Borders* v. *City of Macon,* 18 *Ga. App.* 333 (89 S. E. 451); *Armour* v. *Bluthenthal,* 9 *Ga. App.* 707 (2) (72 S. E. 168).

5. The fact that the attorney wrote to the husband, requesting payment of his fee, did not, in view of the other evidence, demand the inference that the alleged contract of employment was with the husband, and not with the wife through the husband as agent.

6. The evidence authorized the verdict in favor of the plaintiff, and none of the grounds of the motion for a new trial show reversible error.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED NOVEMBER 18, 1927.

Complaint; from city court of Oglethorpe—Judge Greer. February 24, 1927.

*J. J. Bull & Son,* for plaintiff in error.

*John M. Greer,* contra.