## 20982. SMITH v. HENDRICKS.

362

*George H. Perry,* for plaintiff in error.   *A. L. Miller,* contra.

Jenkins, P. J.   1.   "Declarations of an alleged agent are not by themselves admissible to prove agency, but it may be established by proving circumstances, apparent relations, and the conduct of the parties; and where the extraneous circumstances, independently of and without regard to the declarations of the agent himself, clearly tend to establish the fact of his agency, his declarations, though inadmissible if standing alone, may, as a part of the res gestæ of the transaction, be considered." *Collier* v. *Schoenberg,* 26 *Ga. App.* 496 (106 S. E. 581) ; *Render* v. *Hill,* 30 *Ga. App.* 239 (117 S. E. 258).

2.   While ordinarily it is better practice in all cases to require proof of the agency before admitting the declarations of the alleged agent under the rule stated above (*Abel* v. *Jarratt,* 100 *Ga.* 732, 28 S. E. 453), yet where, after the premature and improper admission of such declarations, there is further evidence amply authorizing a finding that the agency in fact existed, the error in admitting the declarations will not ordinarily require a new trial.   *Alexander* v. *Richardson,* 37 *Ga. App.* 407 (2) (140 S. E. 638), and cit.

3.   It is the general rule that a plaintiff must recover upon the cause of action laid in the petition, and that a verdict in his favor is illegal when the evidence fails to support the cause of action declared on, even though a different cause of action may appear from testimony admitted without objection.   *Napier* v. *Strong,* 19 *Ga. App.* 401 (2) (91 S. E. 579).   It is further true, however, that while allegations of fact are generally to be construed most strongly against the pleader, yet, in the absence of special demurrer, where

the facts alleged in a petition are such as would be proper and adequate to support one form of action, but inadequate, although appropriate, to another form of action, and where the petition is ambiguous to the extent that the pleader's intention is not clearly manifest as to which form of action is relied upon, the court, in endeavoring to ascertain the plaintiff's intention, will prima facie presume that his purpose was to serve his best interest, and will construe the pleadings so as to uphold and not to defeat the action. *Stoddard* v. *Campbell, 27 Ga. App.* 363 (3) (108 S. E. 311). Accordingly, in the instant case, where the suit was for money alleged to have been "loaned" by the plaintiff to the defendant, as evidenced by a certain check executed by the plaintiff, payable to the defendant and indorsed by her, but no express promise to pay was alleged, and it was not sought to base the liability upon the check itself, the petition, properly construed, in accordance with the prima facie presumption that the purpose of the pleader was to serve his best interest, sought a recovery, not on an express promise to pay, but on the implied promise arising from the receipt of the money from the plaintiff, the issuance of the check being set forth merely by way of inducement. See, in this connection, *Georgia, Florida & Alabama R. Co.* v. *Purviance, 42 Ga. App.* 519 (156 S. E. 731). Accordingly, the charge of the court instructing the jury substantially in the language of the Civil Code (1910), § 5513, was not error in that it permitted a recovery upon an implied obligation in a suit founded upon an alleged express promise.

4. The evidence authorized the verdict in favor of the plaintiff, and it can not be here set aside for any reason assigned.

*Judgment affirmed. Stephens and Bell, JJ., concur.*