35734. BABB *v.* KERSH *et al.*

Decided July 5, 1955.

*Adams & McDonald,* for plaintiff in error.

*Hardin & McCamy,* contra.

GARDNER, P. J. ■ Regarding the sustaining of the demurrers to paragraphs 5 and 6 of the plea and answer, we know of no provision of law for the giving of notice of agency by having an instrument recorded in the office of the clerk of the superior court. It seems to us that, if such were true, it would open the door for many frauds to be practiced upon the public, if persons engaged in business were required to spend time in the office of the clerk to determine whether or not a customer is acting in an independent capacity or as an agent for another. In the instant case,

before the plaintiffs could be bound by any agency contract and the defendant excused from any liability for purchases made, knowledge of the contents of the contract would be essential. Code § 4-406 provides: "Where the agency is known, and the credit is not expressly given to the agent, he shall not be personally responsible upon the contract. The question to whom the credit is given is a question of fact to be decided by the jury under the circumstances in each case." In our opinion it necessarily follows that the recording of the contract between the defendant and Dalton Manufacturing Company did not give proper notice of the contents of the contract to the plaintiffs. The demurrers to paragraphs 5 and 6 of the plea and answer were properly sustained.

■ With reference to the sustaining of the other demurrers, as set forth hereinabove, we may concede that the court committed error because it permitted evidence to be introduced, over objections of the defendant, to the effect that the defendant was an agent of Dalton Manufacturing Company. The court charged fully on this question and left the issue of fact with the jury for determination as to whether or not the defendant purchased the goods in his individual capacity or as an agent for Dalton Manufacturing Company. This being true, if it was erroneous to sustain the demurrers it was harmless error. See, in this connection, *Mass. Bonding &c. Co.* v. *U. S. Conservation Co.*, 31 *Ga. App.* 716 (122 S. E. 728); *Greenwood* v. *Greenwood*, 44 *Ga. App.* 846 (163 S. E. 316); *Minter* v. *Malsby Machinery Co.*, 17 *Ga. App.* 443 (87 S. E. 607). On this issue counsel for the defendant call our attention to Code § 81-305, and *L. & N. R. Co.* v. *Barrett*, 143 *Ga.* 742 (85 S. E. 923). There is nothing in Code § 81-305 nor in the cases cited to contravene the correctness of our holding as to the law regarding sustaining of the demurrers. This assignment of error does not require a reversal.

■ Regarding the general grounds, it is our opinion that the evidence is sufficient to sustain the verdict. It must be kept in mind that the defendant was more than a mere agent. He was an agent with an interest. He had full charge of the operations of the business for the purpose of operating the business as his own until he had made sufficient money out of it to pay what Whitaker (Dalton Manufacturing Company) owed him. Therefore, ac-

■

cording to our way of thinking, the jury were authorized to find that the goods in question were properly chargeable to the defendant. The jury so found. As a matter of fact, under the charge of the court no error appears under this record that is cause for reversal on the general grounds.

■ Special ground 1 contends that the court erred in charging the jury as follows: "I charge you that before the defendant would be relieved from personal liability in this case on the ground of agency, he has the burden of proving the fact of such agency, as well as actual knowledge thereof by the plaintiff." Movant contends that said charge was erroneous and not sound as an abstract principle of law; not adjusted to the pleadings and the proof; misleading and confusing to the jury and in direct conflict with another part of the charge as follows: "I charge you that the name 'Dalton Manufacturing Company' imports that such company is a corporation. Since a corporation acts only through its agent, if the plaintiff did not actually know the real owners of Dalton Manufacturing Company, and if you find that the defendant did not represent to them that he owned the business individually, the plaintiffs would have been put on inquiry as to whether they were dealing with L. M. Babb, or anyone else they dealt with at Dalton Manufacturing Company, if any, as agent for real owners, or as owners of the business themselves. . .

"I charge you that before the defendant could be held liable for the account sued on, you must find by a preponderance of the evidence that he either made the purchases, without revealing that he was doing so for Dalton Manufacturing Company, or that he had represented to the plaintiffs that he would be responsible for the obligation of Dalton Manufacturing Company. . .

"I charge you further that if you find that the defendant, L. M. Babb, did not personally order said material, and if you do not find by a preponderance of the evidence that he ever represented himself to the plaintiffs as being the owner of Dalton Manufacturing Company, he can not be held liable for the account sued on, and it would be your duty to return a verdict for the defendant."

We have read these excerpts from the charge in comparison with the whole charge of the court. We cannot agree with the contentions of counsel in this ground.

Counsel for the defendant call our attention to *Carter & Co.* v. *Coston,* 9 *Ga. App.* 493; *Sawyer* v. *Hannah,* 34 *Ga. App.* 423 (2); *Loftis* v. *Allen Plumbing Co.,* 52 *Ga. App.* 843; *Nation* v. *Jones,* 3 *Ga. App.* 83 (3); *Wylly* v. *Gazan,* 69 *Ga.* 506, 507 (3); *Sikes* v. *Sikes,* 153 *Ga.* 725 (3); *Hand* v. *Matthews,* 153 *Ga.* 75 (3); *City of Madison* v. *Bearden,* 22 *Ga. App.* 376 (2); *A. C. L. R. Co.* v. *Andrews,* 20 *Ga. App.* 605 (1); Code § 70-207. We find nothing in these authorities cited in conflict with what we have held hereinabove. There is no merit in this special ground.

■ Special ground 2 contends that the court erred in charging the jury as follows: "Since the mere fact of agency is not sufficient, to release one from personal liability, he must prove not only the fact of agency, but also that his principal was disclosed at the time of the act or the transaction in question and that he was acting in the capacity of agent." It is contended that this excerpt is in conflict with the excerpts quoted in paragraphs 2 and 3 of special ground 1, hereinabove set out. The authorities cited by counsel for the defendant in special ground 1, shown above, do not hold contrary to our ruling here. Under the whole record and charge of the court, the assignments of error on this special ground are without merit.

■ Special ground 3 contends that the court erred in charging as follows: "Unless there is an agreement or mutual intention of the parties to the contract that the agent should not be bound, an agent who enters into a contract in his own name without disclosing the identity of his principal renders himself personally liable." In view of what we have said hereinabove, the assignments of error on this excerpt show no reversible error.

■ Special ground 4 assigns error on the following excerpt from the charge: "I charge you that this bill of sale to secure debt could in no way affect the right of the plaintiffs in this case unless it be shown that they had actual knowledge of the contents of said bill of sale to secure debt, and the mere recording of the instrument in the office of the Clerk of the Superior Court of Whitfield County, Georgia, would not in itself be sufficient to give such notice." In view of what we have said previously as to other special grounds, this ground shows no reversible error. Counsel for the defendant call our attention to *Bank of Ringgold* v. *West Publishing Co.,* 61 *Ga. App.* 426 (6 S. E. 2d 598), in sup-

port of his contentions. Our attention is called also to Code § 4-406. These authorities are not in conflict with what we hold regarding this special ground.

■ Special ground 5 contends that certain evidence as set out in this special ground was illegally admitted, over objections of the movant. This was to the effect that Mrs. Kersh testified substantially that she would not extend credit to Dalton Manufacturing Company. This testimony was admissible. Counsel for the defendant call our attention to *Settle* v. *Alison*, 8 *Ga.* 201 (5), and *Brown* v. *State*, 203 *Ga.* 218, 221 (46 S. E. 2d 160). These cases do not support the contentions of the defendant. In our opinion the assignments of error on this special ground show no reversible error. See *Reynolds* v. *Simpson*, 74 *Ga.* 454, and *Simms* v. *Massengale Advertising Agency*, 24 *Ga. App.* 182 (100 S. E. 235).

■ Special ground 6 complains of certain evidence being illegally admitted over objections of the movant. This evidence concerned certain receipts signed by L. M. Babb (record of Dalton Manufacturing Company), set out in this special ground. We think this evidence was admissible under all the facts of this case. We say this notwithstanding authorities relied upon by the defendant to sustain his position. Those authorities are: Code § 4-206; *Garrard* v. *Moody*, 48 *Ga.* 96 (2); and *Pearl Assurance Co.* v. *Bernath*, 185 *Ga.* 737 (2) (196 S. E. 389).

■ Special ground 7 objected to a receipt, which it is contended was illegally admitted by the court. This receipt was signed by William Owens. It is contended that it is not shown that Mr. Owens was an employee of Mr. Babb. We hold this ground not meritorious because the record reveals that the receipt was signed by William Owens, whom the record shows was working under the supervision of the defendant; Mr. Owens being the person who had accompanied the defendant to the plant of Dixie Building Supply Company, where arrangements were made for the purchase of material.

■ Special ground 8 complains of the admission of certain evidence in the form of questions propounded and answers elicited from Mr. Babb as to whether or not he paid his personal funds into the operation of Dalton Manufacturing Company. No reversible error is shown in this assignment. In our opinion

Babb was more than an agent; he was an agent with an interest. Under the whole record of this case, this evidence was admissible notwithstanding authorities cited by the defendant, to wit: *Hughes* v. *McHan*, 121 *Ga.* 499 (49 S. E. 590) ; *Dale* v. *Christian*, 140 *Ga.* 790 (2) (79 S. E. 1127) ; *Mackle Construction Co.* v. *Hotel Equipment Co.*, 25 *Ga. App.* 137 (2) (102 S. E. 868).

■ Special ground 9 complains of the illegal admission of certain evidence elicited from Mr. Babb as to whether or not he paid his personal money into Dalton Manufacturing Company. This is substantially the same contention as shown in special ground 8. For the same reasons given in our decision as to that special ground, we hold this assignment of error without merit.

■ Special ground 10 complains as follows: "Because, after completion of the evidence and argument in the case, and the charge of the court, and the jury had retired for consideration of the case, and Judge Paschall, judge presiding, had appointed the Hon. Gene Holcombe, as judge pro hac vice to receive the verdict, the jury returned, during the deliberations on the case, for further instructions, the jurors desiring instructions on the legal effect of the security instrument, marked as defendant's Exhibit No. 3, being, as movant contends, a security instrument from H. L. Whitaker, trading as Dalton Manufacturing Company, to L. M. Babb to secure debt, and containing therein an agency authorization from H. L. Whitaker to L. M. Babb, making L. M. Babb, the agent for H. L. Whitaker in charge of his business known as Dalton Manufacturing Company. Due to the fact that Hon. J. H. Paschall had gone to Calhoun, Gordon County, Georgia, and therefore was not in court to further instruct the jury, the defendant, now movant, requested orally out of the presence of the jury, that the jury be instructed that this said instrument was a security instrument only and did not convey absolute title. and control to L. M. Babb in Dalton Manufacturing Company. Since the plaintiff would not agree to such instruction, Gene Holcombe would not so instruct the jury. The jury was informed that Judge Paschall was in Calhoun and that therefore they could not be further instructed as requested by them, and the jury was informed that Judge Paschall would be called to return to Dalton and was called and did return immediately, and the jury returned to its deliberation of the case. Said Gene Hol-

combe telephoned Judge Paschall in Calhoun, informing him that the jury desired further instruction in said case. Before Judge Paschall had returned to the courtroom in Dalton, the jury had already informed the bailiff that it had made a verdict in the case. The defendant did not request that the verdict not be received without further charge. The defendant did not request a recharge to the jury after Judge Paschall had returned to the courtroom, the jury having announced that it had reached a verdict in the case, copy of said security instrument being attached as Exhibit No. 3 and made a part hereof. The movant contends that the foregoing was illegal and erroneous to him, and that he should be granted a new trial."

As to this ground, the assignment of error is exceedingly general. The assignment does not specifically set out any reason why the defendant was harmed by the trial judge having temporarily absented himself from the courtroom to go to his home out of the county. The record reveals that counsel for the defendant was present when the trial judge appointed Hon. Gene Holcombe to act in the capacity in which he did act, and thus impliedly counsel consented for the trial judge to absent himself. It must be kept in mind also that, when the trial judge was informed that he was needed, he returned immediately to the courtroom where the trial was in progress and was informed that the jury had reached a verdict. The trial judge received the verdict without any objections from the defendant or his counsel. Neither the defendant nor his counsel objected to the verdict being thus received without further instructions from the trial judge. Neither made any request that the verdict not be received as it was received, and they failed to request the court to make any further charge. The defendant and his counsel sat by and without any objections or requests whatsoever took a chance on the verdict being in favor of the defendant. They will not be heard now to complain of what was lost by laches in not complaining of what transpired before the trial judge and before the verdict was received. There is no merit in this contention.

The court committed no reversible error in any of its rulings on the assignments of error.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*